# Wheeling.

## ALEXANDER WALKER *vs.* THE STATE.

### January Term, 1870.

1. It is error in a circuit court, on a proceeding on a rule to disbar a party from practicing as an attorney in that court, to hear the cause and enter an order making the rule absolute, and disbarring the party from the practice of the law, where a continuance of the cause is asked for to enable the defendant to procure an affidavit which is out of the county, and the testimony of a witness who is also out of the county, and whose materiality is shown, where the defendant is chargable with no want of diligence in procuring the same, and where no opportunity has been allowed him to procure the affidavit and witness within the short period of one day from the issue and service of the rule until the trial.

2. A case in which it is held the evidence was not sufficient to sustain a rule against a party to disbar him from the practice of the law.

At a circuit court held for the county of Greenbrier, on the 12th day of January, 1870, a rule was awarded by Nathaniel Harrison, judge of said court, in open court, against Alexander Walker, an attorney at law practicing in said court, to show cause, if any he could, why the privilege heretofore granted him to practice as an attorney in said court, should not be suspended and revoked for unprofessional conduct and malpractice, in attempting to bribe Nannie Perkins to swear falsely against the said Harrison, judge of said court. Service of the rule was accepted by Walker. The rule was founded on the following affidavit:

"LEWISBURG, GREENBRIER COUNTY, W. VA., TO-WIT:

"Before me, Joseph F. Caldwell, mayor of the town of Lewisburg aforesaid, this 10th day of January, 1870, per-

750          COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,                Walker vs. The State.                1870.

sonally appeared Nannie Perkins, a colored woman of said town, and made oath that prior to the conversation hereinafter referred to between herself and Alexander Walker, of said town, she had received several messages requesting her to call at his office, which she did not do. She further swears that on the 8th day of January, 1870, that the said Walker sent for and had her taken to the room of Captain Sperry, where the following conversation occurred and took place between them: Said Walker asked her if she had not at one time waited on judge Harrison? To which she replied, she had. The said Walker asked her whether judge Harrison or Mr. Cabell had employed her for that purpose? Affiant replied that judge Harrison had employed her. Said Walker then inquired if she had not slept with judge Harrison while she waited on him? To which affiant replied she had not. Said Walker then told her it was useless to deny it, and that if she would come out and swear that she had, she would be handsomely paid for it; and if she would go to Wheeling and swear to the same thing, she should have two dollars per day and ten cents per mile, and all expenses paid. Given under my hand, this 10th day of January, 1870."

A hearing was had upon the rule on the 12th day of January, 1870, in the circuit court of Greenbrier. Nannie Perkins appeared and testified to the truth of the affidavit she had made before mayor Caldwell.

On the part of respondent, Jeremiah Poston testified that he was present at most, but not all of the conversation referred to in the affidavit of Nannie Perkins. The statements contained in the affidavit are correct, as well as he recollects. Captain Sperry and respondent both asked her questions. They asked her if she had ever slept with judge Harrison? She said she had not. They asked her if judge Harrison had ever had any thing to do with her? She said he had. They asked her how many times? She hesitated, and said she did not know how many times. They asked her if it was as much as a half-a-dozen times? She did not say for certain. Walker did not offer Nannie any inducement to

make these statements, but told her she would be paid mileage, &c., for going to Wheeling as a witness.

Fanny White testified: she was present at Sperry's office when Nannie Perkins was making an affidavit to certain matters with regard to judge Harrison. Walker asked Nannie if she had slept with judge Harrison? She said no. He asked her if she remembered the morning he (Walker) came in there and she shook up the pillows? She said she had not been sleeping with judge Harrison, but had been lying on the bed beside him. He asked her if judge Harrison had any thing to do with her? She said, yes.

The respondent's counsel interrogated Nannie Perkins as to what she had sworn in the affidavit before Capt. Sperry; but respondent not producing the affidavit, and admitting that he could not produce it at that time, the court ruled out the testimony.

Respondent moved the court to continue the cause until Captain Sperry, whom, respondent swore, was in Wheeling, and is a material witness for him, could be produced, and until the affidavit, which was referred to in the affidavit of witness Nannie Perkins, as the one first taken by Captain Sperry, could be produced, and which affidavit respondent swore was then in the county of Monroe; which motion the court overruled.

The rule was made absolute, and the order of the court admitting the respondent Walker as a practicing attorney in the circuit court of Greenbrier county, was rescinded, and his privileges as a practicing attorney in said court were suspended and revoked.

The respondent filed in open court the undertaking required by law for an appeal to the supreme court of appeals, and the court suspended for sixty days, so much of the said order as revoked the license of the respondent as an attorney, leaving that part of the order which suspends him as an attorney, in full force.

Hon. N. Harrison, judge of the circuit court of Greenbrier county, presided on the trial of the case.

*Hereford* and *Price* for the plaintiff in error.
*Attorney-General Caldwell* for the State.

BROWN, *President.*

This is a writ of error to the judgment of the circuit court of Greenbrier, disbarring the plaintiff in error from practicing as an attorney in that court. There was no exception to the proceedings by rule in the court below; but the party appeared to the rule, and without objection, the case was heard and determined by the court on the facts presented.

The court erred in refusing to postpone the trial of the case, as asked by the defendant, until the defendant could procure the evidence of the witness Sperry, and of the affidavit alleged to be in the county of Monroe, no opportunity having been allowed to obtain the same within the short period from the issuing and service of the rule till the trial, being all on the same day, and the defendant appearing to have been chargable with no want of diligence in procuring the same.

The only other questions requiring consideration in the case is, whether the rule states a case which, if true, would warrant the judgment of disbarment; and next, if so, whether the case, as stated in the rule, was sustained by the evidence?

The charge in the rule is, that the defendant, a practicing attorney of the court, was guilty of unprofessional conduct and malpractice, in attempting to bribe a witness to swear falsely against the judge of the court, as set forth in an affidavit of the witness.

This charge, if true, was sufficient to warrant the disbarment of the defendant. Was it proved?

It is difficult to deal with pitch without being defiled, and the evidence in this case does not commend itself to the favorable consideration of the court; but, unpleasant and disgusting as it is, I have been unable to eviscerate from it enough to sustain the charge.

I think, therefore, that the judgment of the circuit court should be reversed, and the rule dismissed.

MAXWELL, J. A rule was awarded by the circuit court of Greenbrier county, against Walker, to show cause, if any he could, why the privilege heretofore granted him to practice as an attorney in the said court, should not be suspended and revoked for unprofessional conduct and malpractice, in attempting to bribe a certain person named in the said rule, to swear falsely against the judge of the said court.

If the act charged in the rule be true, it was the stern duty of the court to revoke the privilege of the said Walker to practice in that court; for he had ceased to be a fit person to guard the rights and interests of unfortunate litigants, or to associate with honorable members of the bar.

The fact charged, that the attempt was to bribe a witness to swear falsely against the judge of the court, does not make the offence any more serious than if the attempt had been against the humblest individual in the community.

The power of courts, over attorneys, is forcibly and concisely stated by the venerable Justice Nelson, in the case of *Bradley ex-parte*, in 7 Wallace, 374, as follows: "We do not doubt the power of the court to punish attorneys as officers of the same, for misbehavior in the practice of the profession. This power has been recognized and enforced ever since the organization of courts and the admission of attorneys to practice therein. If guilty of fraud against their clients, or of stirring up litigation by corrupt devices, or using the forms of law to further the ends of injustice, in fine, for the commission of any other act of official or personal dishonesty and oppression, they become subject to the summary jurisdiction of the court. Indeed, in every instance where an attorney is charged by affidavit with fraud or malpractice in his profession, contrary to the principles of justice and common honesty, the court, on motion, will order him to appear and answer, and deal with him according as the facts may appear in the case."

This was not a proceeding under the 6th section of chapter 119 of the Code, p. 590, to suspend or annul the license, as was the proceeding in *Fisher's case*, 6 Leigh, 619; but

was a common law proceeding, independent of the statute, to suspend or revoke the privilege of practicing law in the particular court in which the proceeding was had, as was the proceeding in *Rice's case*, 18 B. Monroe, 472; and in the case of *Mills*, 1 Manning's Rep., 392.

The only question, therefore, for this court to determine, is, does the evidence certified in the record, sustain the judgment of the court?

While the evidence of the conduct of Walker places him in a very unenviable and unsatisfactory attitude as a member of the high and honorable profession of the law, yet the evidence is not sufficient to sustain the precise charge against him, of attempting to bribe a witness to swear falsely against the judge of that court.

The judgment will therefore have to be reversed.

Judge Berkshire concurred.

JUDGMENT REVERSED.