# WHEELING.

## STATE v. ALLEN.

### July 17 1874.

1875.
June Term.

1. The statute, section three, chapter one hundred and sixty, Code 1868, which authorizes a writ of error for the State to a judgment of the circuit court, from the Supreme Court of Appeals, if the case be for the violation of a law relating to the revenue, is not repugnant to the Constitution.

2. The third section of article eight, Constitution, does not limit the appellate power of the Supreme Court of Appeals, in criminal cases, merely to cases where there has been a conviction for felony or misdemeanor. The Legislature may confer on said court appellate power in cases of misdemeanor for violation of law relating to revenue where there has been no conviction.

4. A writ of error lies for the State, from the Supreme Court of Appeals to a judgment of the circuit court, if the case be for the violation of a law relating to the revenue.

5. An indictment concluding "against the peace and dignity of the State of West Virginia," is not repugnant to the eighth section of article two of the Constitution.

This case was brought here on a writ of error to a judgment of the circuit court of Mason county, on the application of the State.

The material facts and also so much of the constitutional and statutory provisions as are necessary to understand the questions discussed and decided by this Court, will be found stated in the opinion of Moore, Judge.

The Hon. Joseph Smith, judge of said circuit court' presided at the trial below.

*Attorney General Mathews* for the State.

There was no appearance for the respondent.

MOORE, JUDGE:

An indictment was found by the grand jury of Mason county at the September term, 1872, of the circuit court, against the defendant, L. D. Allen, for unlawfully selling spirituous liquors, wine, porter, ale, beer and drinks of like nature, &c., without having first obtained a license therefor, according to law, "and against the peace and dignity of the State of West Virginia."

On the 16th day of April, 1873, the defendant moved the court to quash the indictment, as the petition states, because it concluded "against the peace and dignity of the State of West Virginia."

The Constitution, adopted the 4th Thursday of August, 1872, required all indictments to conclude "against the peace and dignity of the State."

The circuit court sustained the motion and quashed the indictment.

The case now comes before us upon a writ of error at the instance of the State.

Two questions are presented for our consideration.

*First.* Did the writ of error lie in behalf of the State at the time this was granted?

*Second.* Was the conclusion of the indictment in this case inconsistent with that required by the Constitution?

As to the first point, it is not an open question that the case is one for a violation of a law relating to the revenue. Jurisdiction has been exercised in such cases from the time of that of *Tefft,* 8 Leigh, 721, to the present, and was fully recognized in *Scott's case* 10 Gratt, 754. The statute which authorized the petitioner to obtain the writ of error, in this case, is section 3, chap. 160, p. 722, Code 1868, which declares "A writ of error shall lie in a criminal case, to the judgment of a circuit court,

86

from the supreme court of appeals. It shall lie in any case for the accused, and if the case be for the violation of a law relating to the revenue, it shall lie also for the State."

A similar statute has existed from the act of February 29, 1828, and amendatory act of February 28, 1829, passed by the General Assembly of the old commonwealth, up to the present; thus showing, that it has been the legislative will, for nearly half a century, to permit the exercise of the writ in behalf of the State in all cases of violation of a law relating to the revenue. And the legislative will has been manifested by similar enactments since the adoption of the Constitution of 1872.

The right still obtains to the State unless in conflict with the constitution. The twelfth section of the schedule to the constitution declares that "all courts of justice, now existing shall continue with their present jurisdiction, and be held as now prescribed by law until the judicial system, established by this constitution, shall go into effect, and *all rights*, prosecutions, actions, claims, and contracts shall remain and continue as if this constitution had not been adopted, *except so far as the same may be affected by the terms and provisions of this constitution, when it shall go into effect.*"

The constitution went into effect from and after the fourth Thursday of August, 1872. At that time the provision of the statute, above cited, existed, and was still existing as the legislative will at the time the writ was granted in this case.

The thirty-sixth section of article eighth of the constitution declares: "Such parts of the common law, and of the laws of this State, as are in force when this constitution goes into operation, and are not repugnant thereto, shall be, and continue, the law of the State, until altered or repealed by the Legislature," &c.

It is, therefore, obvious that, as the third section of chapter one hundred and sixty of the Code of 1869 was in force at the time the constitution went into operation,

it continued to be the law of the State, if not repugnant to the constitution, and, consequently, as the right to obtain from the Supreme Court of Appeals, the writ of error in such cases existed to the State, at that time, it continued to exist after the constitution went into operation.

It was held, in argument, that section three of chapter one hundred and sixty of the Code, was repugnant to the last clause of the third section of article eight of the constitution, which declares that the Supreme Court of Appeals "shall have appellate jurisdiction in criminal cases, where there has been *a conviction* for felony, or misdemeanor, in a circuit court, and where a conviction has been had in any inferior court, and been affirmed in a circuit court."

It was argued that the object of that clause was intended to limit the criminal appellate jurisdiction of the Supreme Court of Appeals, to cases where there had been a conviction, and that the Legislature could not confer on that court appellate jurisdiction, in criminal cases, where there had been no conviction.

It seems to me the argument is untenable. It must be remembered that the Legislature is possessed of plenary legislative power, except where restrained by the Federal and State Constitutions. I am of opinion that the clause of the Constitution referred to is intended as a safety guard to the subjects; a guarantee to them of the right of appeal after conviction in criminal cases, than which no more sacred right could be guaranteed by the Constitution, for the protection of property, life, liberty and character. Hence the Legislature is absolutely inhibited from legislating away that great right. But I do not understand that the Legislature is thereby restrained from conferring upon the Supreme Court of Appeals other appellate power; and it is obvious that in cases of prosecutions for violations of laws relating to the revenue, it is pre-eminently just and proper that the State should have such appellate right as claimed for it in this

case. Its revenue is its support, and if crippled in that respect, it is possible for combinations to defraud, if not impoverish, the treasury, and yet go unpunished. For nearly half a century it has been the policy of the legislative body to protect the State in that respect. Such was the wisdom of the many able representatives and statesmen, who undoubtedly had deliberated well upon the subject, and I cannot believe that the framers of the present Constitution intended a different policy. I am, therefore, of opinion that the writ lies for the State, in such cases, to the judgment of the circuit court from the Supreme Court of Appeals.

As to the *second* point for our consideration; that the indictment concluded "against the peace and dignity of the State of West Virginia," instead of concluding "against the peace and dignity of the State," as required by the Constitution, article two, section eight :

In the case of *Lemons.v. The State*, 4 W. Va., 755, the indictment concluded "against the peace and dignity of the State of W. Virginia." The fifth section of article one of the then Constitution provided that indictments *shall* conclude "against the peace and dignity of the State of West Virginia." Judge Berkshire, in delivering the opinion of the Court, said: "It will be seen, therefore, that the precise words for the conclusion of all indictments are prescribed in this provision, and the quotation marks, which are superadded, would indicate a purpose that a strict and literal compliance in the exact language of the Constitution would be required." The Court held that the conclusion of the indictment, in that case, was not a literal compliance, and consequently was insufficient to satisfy the constitutional requirement.

I think this case should be distinguished from the *Lemon case*, in this: The Lemon case omitted the word " *West*," which word was positively prescribed by the Constitution as an essential part; and of course could not be

omitted in the conclusion of the indictment. But in this case, not a word is omitted that was prescribed by the Constitution; the conclusion is precisely that prescribed by the Constitution, and the words *"of West Virginia"* that are added to the conclusion should be considered as mere surplussage or additional designation, inasmuch, as they do not indicate a State different from the one intended as having been offended in its peace and dignity. I admit, however, that had the name of any other State been stated in that connection, it would have been fatal to the indictment, because it would have shown a jurisdiction different from that in which the grand jury was authorized to act.

The judgment of the circuit court should be reversed with costs, the indictment reinstated, and the cause remanded to the circuit court to be proceeded in.

All the judges concurred.

JUDGMENT REVERSED, INDICTMENT REINSTATED AND CASE REMANDED.