# CHARLESTOWN.

## STATE v. FITZPATRICK

### August 15, 1874

1874.
August Term.

1. The provision of section three of chapter one hundred and sixty of the Code, that in a case for violation of a law relating to the revenue, a writ of error will lie for the State, from this court to the judgment of the circuit court, is not repugnant to the Constitution.

2. The nature of the offense charged in an indictment need not be endorsed on it.

3. Although the record must show the finding of the indictment, it need not show all the constituents and circumstances of the offense charged. The record, however, should not describe an offense variant from that charged in the indictment, or specify any inseparable constituent or condition that is not a component of the offense set forth in the indictment.

4. When, in an indictment, it is alleged that a person without having a State license therefor, sold, and offered and exposed for sale, at retail, spirituous liquors and other drinks, and it appears by the record that an indictment for "unlawful retailing" was presented, the record of the finding of the indictment is sufficient.

The opinion of the court contains a statement of the case.

The Hon. James M. Jackson, judge of the circuit court of Ritchie county presided at the trial below.

*Attorney General Mathews,* for the State.

*John A Hutchinson, Jr.,* for respondent.

HOFFMAN, JUDGE:

In April, 1873, the grand jury, at the circuit court of the county of Ritchie, found an indictment in which they presented, that Mary Fitzpatrick, in September, 1872, without having a State license therefor, sold, and offered and exposed for sale, at retail, spirituous liquors, wines, porter ale and beer, and drinks of like nature. The indictment was endorsed, "Indictment for unlawful retailing: A true bill." And the record stated that "the grand jury presented an indictment against Mary Fitzpatrick for unlawful retailing : A true bill."

In October, the defendant moved the court to quash the indictment, on the ground, as it was suggested, that there was no sufficient record of the finding of the indictment, and no sufficient endorsement thereon that it was a true bill. And the court quashed the indictment.

In November, 1873, the State obtained a writ of error from this Court to the judgment.

This Court, at the last term, in the case of the *State v. Allen,* held that the provision in section three of chapter one hundred and sixty of the Code, that, in a case for violation of a law relating to the revenue, a writ of error will lie for the State from this Court to the judgment of the circuit court, is not repugnant to the constitution.

The nature of the offense charged in an indictment need not be endorsed on it. The Supreme Court of Appeals of Virginia, in *Price v. Commonwealth,* (21 Gratt., 846,) decided that even an endorsement, on an indictment, that it is "a true bill," is not necessary.

Although the record must show the finding of an indictment, it need not state all the constituents and circumstances of the offense charged. It is not intended now to express our opinion as to whether the record need

indicate anything more than that the indictment is for treason, felony, or misdemeanor, or not. Offenses originating in the common law are, generally, if not universally, designated by names indicating, more or less certainly, the nature of the facts that constitute the offenses; and it is easy and usual by such names to indicate their character. But offenses created by statute are not, generally, if ever, designated by any such brief and comprehensive phrase. In most cases, it would be inconvenient to state all the positive and negative elements and conditions of the offense, in the record of the finding of the indictment; while the pains of setting them forth would promote but little benefit. For, whether the designation or description in the record be general or special, the care and probity of the clerk, or other criteria outside of the record, are indispensable to the identity of the paper produced as the indictment referred to.

The record, however, should not describe an offense irreconcilably variant from that charged in the indictment, or specify any inseparable constituent or condition of an offense, that is not a component of that set forth in the indictment. It would seem that such an irreconcilable variance between the record of the finding and the allegations in the indictment would be fatal to the proceeding. But, the Supreme Court of Appeals of Virginia, in *Thompson v. Commonwealth*, (20 Gratt. 724) had for its consideration an indictment of which the only good count was for murder simply, and a record of the finding of an indictment for "murder in commission of rape." And the court held that the clause in the record indicating that the murder charged was in the commission of a rape, might be discarded as surplussage; and decided that the record was sufficient.

Retailing means selling at retail. Though the want of license is a circumstance without which the selling at retail is not an offense, the latter is the only positive act that constitutes the offense. The mention of this in the

1874.
August Term.

State
v.
Fitzpatrick.

record of the finding of the indictment is not a complete description of the offense charged, but it is entirely consistent with the complete description in the indictment. It is certainly less objectionable than the record of the finding in the case of the *State v. Thompson,* already cited, in which the record was held sufficient.

The judgment of the circuit court is reversed, and costs are adjudged to the State, the motion to quash the indictment is overruled, and the case is remanded to the circuit court for further proceedings.

Haymond, President, and Paull and Hoffman, judges, concur.

Absent, Moore, Judge.

JUDGMENT REVERSED AND CAUSE REMANDED.