# CHARLESTOWN.

## STATE *v.* MICHAEL GILMORE.

### October 81, 1876.

1. The record of the empanelling of a grand jury states that the jurors, "were sworn a grand jury of inquest *upon* the body of Mineral county, &c.—HELD:

That the word *"upon"* is clearly a clerical error, and is to be read *"for."*

2. The record of the finding of the grand jury is as essential as the record of the verdict of a jury, as it is the only legal proof of the finding of the indictment.

3. The record entry of the finding of the indictment is as follows "The grand jury returned into court having found the following indictments:

"The State (No. 1) ⎫ Indictment for selling intoxicating liquors
       *v.*     ⎬ to a minor.
 Michael Gilmore. ⎭

A True Bill,<br>
P. S. MINSHALL,<br>
Foreman.

HELD:

That the record entry of the finding of the indictment was sufficient

4. The caption of the indictment is: *"Fourth Judicial Circuit, Mineral County Court, in the Circuit Court of Mineral County."*—HELD:

The insertion of the word *"Court"* after the words *"Mineral County,"* was a clerical error, and must be treated as mere surplusage, and is cured after verdict.

5. The indictment charges that Michael Gilmore on the tenth day of May, 1873, in said county of Mineral, did unlawfully sell, &c.—HELD:

1876.
August Term.      That the indictment is a sufficient finding within the statute.

State      6. The summons is sufficient as it gives the defendant notice of the
v.              character of the offense with which he is charged, and apprises
Gilmore.        him of the place where, and the time when, he must appear to
                make his defense.

7. The case of *State v. Cain, infra*, cited and approved.

Writ of error to a judgment of the circuit court of
Mineral county, rendered at the May term, 1874, of said
court, in a cause therein pending, in which the State of
West Virginia was plaintiff, and Michael Gilmore, de-
fendant.

The facts appear in the opinion of the court.

Hon. J. W. F. Allen, Judge of said circuit court, pre-
sided at the trial below.

*Robert White* for said Gilmore, plaintiff in error.

*F. M. Reynolds* for the State, defendant in error.

MOORE, JUDGE:

This case is presented to us upon a *writ of error* to the
judgment of the Circuit Court of Mineral county, upon
an indictment against the said Gilmore. The indict-
ment is as follows:

"Fourth Judicial Circuit, Mineral County Court, in
the Circuit Court of Mineral County.

The Grand Jurors of the State of West Virginia, in
and for the county of Mineral, and now attending said
court, upon their oaths present, and say that Michael Gil-
more, on the tenth day of May, 1873, in said county of
Mineral, did unlawfully sell intoxicating liquors to Wm.
Hessian, and without the written order from his, said
Wm. Hessian's parents, guardian or family physician,
the said Wm. Hessian then, and there, being a minor,
contrary to the statutes and against the peace and digni-
ty of the State.

F. M. REYNOLDS,
*Prosecuting Attorney.*

This indictment found upon the evidence of Wm.

Hessian, sworn in court, and sent before the Grand Jury to testify."

To which indictment the defendant plead "not guilty."

Upon the trial of the issue, the jury found the defendant guilty, and assessed a fine of twenty dollars.

During the trial of the cause, the defendant excepted to the ruling of the court, manifested by two bills of exceptions; the first stating in the following language, that: "the State having introduced testimony tending to prove that the defendant, in May, 1873, sold intoxicating drinks to William Hessian (that he was born on the twenty-sixth day of March, 1854,) without authority from his parents, guardian or physician, and the defendant having introduced testimony to prove that said William Hessian had informed said defendant and others, that he was twenty-one years of age, and said defendant, acting upon said information, so received from him, said Hessian and others, and having no information, whatever, that said Hessian was a minor, sold said intoxicating drinks to said Hessian, as alleged in the indictment; the defendant asked the court to instruct the jury, in the following words and figures, to-wit: If the jury believe from the evidence, that the defendant, Gilmore, made diligent inquiry of said William Hessian, and others, as to his age, and if they further believe, from the evidence, that said Gilmore sold said intoxicating drinks after said diligent inquiry, believing therefrom that said Hessian was twenty-one years old, then they must find defendant not guilty." The court refused to give the instruction.

· The second bill of exceptions, in its statement, is the same as the first, except that it uses the expression, "any written authority from his parents," &c., and shows that the court, on motion of the State, instructed the jury, "if they believe from the evidence, that the defendant sold intoxicating drinks to a minor, as charged in the indictment, without a written order as required by the statute, that then they should find the defendant guilty, and they shall assess his fine at not less than $20, nor more than

$100; if they believe from the evidence that the party,. to whom it is alleged the intoxicating liquors were sold by defendant, was not a minor, then they shall find the defendant not guilty."

The defendant moved the court for a new trial, for the matters setforth in the said two bills of exceptions, and because the verdict was contrary to the law and the evidence, but the motion was overruled, and judgment given upon the verdict.

Under the statute allowing a party to "avail himself of any error appearing on the record, by which he is prejudiced, without excepting thereto," the defendant claims *that*: "The record of the court shows that 'Grand Jurors of the *State of West Virginia,*' were impanneled at the November term, 1873, but does not show that they were Grand Jurors of the *county of Mineral.*"

The clerk of the circuit court of Mineral county, having supplied the diminution of the printed record, the completed record sufficiently shows that the foregoing assignment of error is not well taken. The expression, "were sworn a Grand Jury of Inquest *upon* the body of Mineral county," is clearly a *lapsus pennœ*, or error of the clerk, correctable by the court; and therefore the word "*upon*" is to be read "*for,*" which evidently was intended, as it makes the entry conform to the usual form, and also, as by the record entry of the finding of the Grand Jury, the indictment becomes as much a part of the record as if it was spread *in extenso* on the Order Book." (2 Va., cases 160, 542.) This indictment shows, upon its face, that they were grand jurors of West Virginia, "*in and for the county of Mineral.*"

As the offence sought to be charged against the defendant, was under the *third* section of chapter 99 Acts 1872–3, which declares, "It shall be unlawful for any person or persons, by agent or otherwise, to sell intoxicating liquors to minors, unless upon the written order of their parents, guardians, or family physicians," &c., the second assignment of error is, that the indictment

charges the defendant with "*unlawfully selling,*" &c., but that "there is no *record entry* of such finding or offence," &c.

It is a well settled practice to record the findings of the grand jury, as part of the proceedings of the courts. The record of the finding of the grand jury is as essential as the recording of the verdict of a jury; because it is the only legal proof of the finding of the indictment (2 Va. cases 527, 21 Gratt. 858.)

In this case, the supplied record shows the record entry of the finding of the indictment, as follows:

"The Grand Jury returned into court, having found the following indictments:

    "The State (No. 1)    Indictment for selling intoxi-
            v.           icating liquors to a minor,
    Michael Gilmore.

              A True Bill.

                      P. S. MINDSHALL,
                           Foreman."

As the selling of intoxicating liquors to minors, unless upon written orders of parents, &c., is the offence contemplated by the statute, the record entry of the finding, in this case, is sufficient to identify the indictment found; and although the indictment charges that the defendant did "*unlawfully* sell," it is not necessary to use the word "*unlawfully*" in the record entry of the finding. In *Drake* and *Cochren* case, 6 *Gratt.* 665, the grand jury found an indictment against *Francis P. Drake* and *Joseph Cochren,* for a trespass. The record states that the grand jury came into court and presented an indictment against *Francis P. Drake* and *Joseph Cochren*; and the indictment is set out and endorsed, "A true bill." The entry on the minutes of the clerk, however, omitted the name of *Drake*, and merely said, "An indictment against *Joseph Cochren* for trespass, a true bill." The court held "that the entry upon the record is sufficient to show that the indictment was found against *Joseph Cochren*." Upon that precedent, and *State v. Fitzpatrick,* 8 *W. Va.* 707,

without citing others, I think this court is fully sanctioned in holding the record of the finding sufficient in this case.

The third assignment of error is that "the indictment, as copied, does not, as it ought, clearly show whether it was found in Mineral county court, or Mineral circuit court, or that the grand jurors were jurors of the county of Mineral."

There is nothing in the record to show that the indictment "as copied," is not correctly copied, we must therefore consider it correctly copied.

The caption of the indictment is: "*Fourth Judicial Circuit, Mineral County Court, in the Circuit Court of Mineral County.*"

The indictment commences: "The Grand Jurors of the State of West Virginia, in and for the county of Mineral, and now attending said court," &c.

The record of the impanneling of the grand jury, and of its finding, is in the circuit court. It is therefore apparent that the insertion of the word "*court*" after Mineral county, in the caption, was a clerical error, and must be treated as mere surplusage. But even had it been error, it is cured after verdict by section 10, *chapter* 158, *Code*, as being "mere form or surplusage."

The fourth assignment of error is, that the indictment fails to state whether the alleged sale of intoxicating liquors was made personally by the defendant, or by an agent of his, and is therefore not good under the statute.

The language of the statute is: "It shall be unlawful for any *person, or persons, by agent or otherwise*, to sell," &c." As the indictment in this case charges "that Michael Gilmore, on the tenth day of May, 1873, in said county of Mineral, did unlawfully sell," &c., it is a sufficient finding within the statute.

The attention of the court is directed to the summons. In *Wood's case*, Scott J., delivering the opinion of the court, held: "The object of the summons is to give the

party notice. that he is prosecuted for an offence of a particular character, and to apprise him of the time when, and the place where, he must appear to make his defence. The detail of the particular facts charged with the accompanying circumstances of time and place is supplied by the presentment." The summons in this case is therefore sufficient, as it has all the requisites designated in the opinion cited.

This brings us to the bills of exceptions, before stated

In the case of the *State of West Virginia* v. *John Cain infra.*, this court decided that, "the sale of intoxicating liquors to a minor is an offence under the third section of chapter 99 of the acts of the legislature of 1872–3, unless upon the written order, &c., of the parent, &c., specified in said section, though the vendor does not know that the purchaser is a minor." Upon the principles laid down in that case, the circuit court did not err in refusing to give the instructions asked for by the defendant, and did not err in giving the instructions it did give.

The judgment of the circuit court must be affirmed, with costs, and $30 damages.

The other Judges concurred.

JUDGMENT AFFIRMED.