# WHEELING.

### STATE v. CHAPMAN.

Submitted January 19, 1885—Decided March 21, 1885.

Upon an indictment under section 1, chapter 107, Acts 1877, for selling spirituous liquors without a State license therefor, if the

record shows that an "indictment for unlawful retailing" was found, such record is suffiicent to show the finding of such indictment by the grand jury.

The facts of the case are stated in the opinion of the Court.

*Attorney-General Watts* for the State.

No appearance for defendant in error.

SNYDER, JUDGE :

At the August term, 1881, of the circuit court of Roane county the grand jury of that county found an indictment against D. W. Chapman for "unlawful retailing," and at the November term " the defendant moved the court to quash the said indictment and strike the same from the docket, because there is no record of the finding thereof, and no sufficient record of the finding of said indictment by the grand jury." The court sustained said motion and quashed the indictment. To this action of the court the State obtained this writ of error.

The indictment is for the sale of spirituous liquors, &c., without a State license therefor, and is drawn in the usual form under the first section of chapter 107 of the Acts of 1877. It is not claimed that the indictment is defective in any respect. The only objection is to the form of the record of the finding.

After setting out the swearing and charging of the grand jury the record recites, that they retired to their room "and after being absent for awhile returned into court with the following bill of indictment, to-wit : State of West Virginia *vs.* D. W. Chapman—Indictment for unlawful retailing. A true bill. M. B. Armstrong, Foreman."

The only question to be decided is, whether or not this record shows a sufficient finding of the indictment by the grand jury.

This Court in the case of the *State* v. *Fitzpatrick*, 8 W. Va. 707, decided that, " When, in an indictment, it is alleged that a person without having a State license therefor, sold, and offered and exposed for sale, at retail, spirituous liquors and other drinks, and it appears by the record that an indict-

ment for unlawful retailing was presented, the record of the finding of the indictment is sufficient."

The case at bar is almost identical with this case and is ruled by it. See also the cases of *Crookham* v. *The State*, 5 W. Va. 510; *Tefft* v. *Commonwealth*, 8 Leigh 721; and *Thompson's case*, 2 Grat. 724.

The judgment of the circuit court must, therefore, be reversed, the defendant's motion to quash the indictment overruled, and the case remanded for trial.

REVERSED. REMANDED.