# CHARLESTON.

STATE *v*. GEYER.

Submitted February 5, 1898.—Decided April 6, 1898.

FALSE PRETENSE—*Indictment*—*Sufficency of Indictment*.

　　The record of an indictment, in these words : "An indictmen against Charles Gibson and Dana Geyer for obtaining property by false pretense. No. l. A true bill. H. F. Jones, Foreman," —is sufficient, although the language used does not contain every element of the offense charged. (p. 650).

Error to Circuit Court, Ohio County.

Dana Geyer was convicted of obtaining property by false pretenses, and brings error.

*Affirmed.*

W. W. ARNETT, for plaintiff in error.

EDGAR P. RUCKER, ATTORNEY GENERAL, for the State.

DENT, JUDGE:

The only question presented in this case is whether the following record of the finding of an indictment is sufficient, to wit: "An indictment against Charles Gibson and Dana Geyer for obtaining property by false pretense. No. 1. A true bill. H. F. Jones, Foreman." The prisoner's counsel seeks to apply the rule that if everything therein contained be true, and yet no offense be described, the record is bad. This rule is not applicable to a question of this character, but the true rule is that the record need not

show all the constituents of the offense charged. A mere general, though imperfect, description, is sufficient, if there is no material variance from the indictment. In the case of *State* v. *Fitzpatrick*, 8 W. Va. 707, "unlawful retailing" was held a sufficient description of selling at retail intoxicating liquors without license, although there may be numerous other kinds of "unlawful retailing" going on, which are indictable offenses. And in the case of *State* v. *Gilmore*, 9 W. Va. 641, an entry of an "indictment for selling intoxicating liquors to a minor" was held sufficient, although such entry might be true, and no offense be committed, as it might have been on the written order of a parent, guardian, or family physician. These cases were cited and approved, among others, in *State* v. *Heaton*, 23 W. Va. 780. The words "obtaining property by false pretense," while they do not show all the constituents of the offense charged, and would be insufficient in an indictment, without the qualification "with intent to defraud," yet do not vary from the indictment, but are strictly in accordance therewith, and answer the purpose of identification, for which they were made part of the record. The court therefore committed no apparent error in its rulings, and its judgment is affirmed.

*Affirmed.*