# CHARLESTON.

## STATE v. SHUMATE.

### Decided December 1, 1900.

1. SUPREME COURT—*Jurisdiction—Mandamus.*

    The supreme court of appeals has jurisdiction of a writ of error to a judgment of a circuit court, disbarring an attorney for acts done in court as attorney, as for a contempt. (p. 361).

2. MANDAMUS—*Circuit Court.*

    Does *mandamus* lie from this Court in such case to the circuit to restore a disbarred attorney? (p. 362).

3. RULE—*Disbarment—Attorney—Answer.*

    Where a rule to disbar an attorney summons him to answer charges contained in an affidavit of an informant filed in the case, it is sufficient, as the affidavit thus becomes part of the rule. (p. 363).

4. ATTORNEY—*Disbarment—Evidence.*

    To disbar an attorney, the evidence of the charges against him must be full, preponderating, and clear. (p. 364).

Error to Circuit Court, Wyoming County.

H. K. Shumate was found guilty of misconduct as an attorney, and stricken from the roll, and brings error.

*Reversed.*

ROBERT H. HOYLE, for plaintiff in error.

EDGAR P. RUCKER, ATTY. GEN., CAMPBELL, HOLT & CAMPBELL, and L. C. ANDERSON, for the State.

BRANNON, JUDGE:

An affidavit was filed by Shepard in the circuit court of Wyoming County against Shumate charging Shumate, who was an attorney in that court, with misconduct and malpractice as such, and thereupon the court entered an order filing that affidavit and requiring that Shumate be served with a copy of that order, and requiring him to appear to show cause why his name "shall not be stricken from the roll of practicing attorneys in this court, and deprived of the privilege of practicing his profession in this court, for the charges and causes contained in the said affidavit." Shumate appeared to the rule, and the case ended with a judgment or order disbarring him, and he sued out a writ of error from this Court.

The jurisdiction of this Court to entertain a writ of error in such a case is challenged. My understanding is that the jurisdiction of this Court is fixed by the Constitution and statutes, and that there can be no writ of error or appeal, except in those cases warranted by the Constitution or statutes. Such I understand to be the general law wherever the Constitution or statutes assume to specify the cases in which a writ of error and appeal shall lie, as in West Virginia is the case. I suppose that where no constitution or statute does specify, the common law writ of error or appeal lies; but such is not the case in West Virginia. We must therefore find either in the Constitution or statute law authority to entertain this writ of error. *Miller* v. *Navigation Co.,* 32 W. Va. 46; *Sharp* v. *Robertson,* 5 Grat. 518; *People* v. *Richmond,* 16 Colo. 274; *Ex Parte McArdle,* 7 Wall. 506; 2 Ency. Pl. & Prac. 16; Elliott, Appell. Proced. ss. 75, 76. I do not think that warrant for this writ of error can be found in chapter 135 of the Code, 1899, nor in the cases enumerated in

section 3, article VIII of the Constitution. This is not a civil
case to warrant a writ of error under chapter 135, because it is
not a proceeding *inter partes,* Sheppard being a mere informer
or mover. The proceeding is simply one by a court to exclude
from practice one of its own officers, and to protect public and
court against him, and is therefore not a suit, but a peculiar pro-
ceeding *sui generis,* though very ancient and long practiced.
The case is not that proceeding authorized by section 6, chapter
119, Code 1899, empowering courts to annul or suspend the
effect of an attorney's license, though it would seem to be tanta-
mount thereto; but it has been twice held that the present pro-
ceeding, the old common law proceeding of disbarment, is not
that for the annullment or suspension of license under that
statute. *Walker* v. *State,* 4 W. Va. 753; *State* v. *McClaugherty,*
33 *Id.* 250. Then what is the character of the proceeding? Sim-
ply the old common law *ex parte* proceeding taken by a court to
exclude an officer of its own, an attorney, for conduct unfitting
him to longer exercise his prerogatives and privileges before
that court. It is not a criminal proceeding, for as said by the
Supreme Court of the United States in *ex parte* Wall, 107 U. S.
265, "it is not a criminal proceeding, and not intended for pun-
ishment, but to protect the court from the official ministration
of persons unfit to practice as attorneys therein. Such a pro-
ceeding is not an invasion of the constitutional provision that
no person shall be deprived of life, liberty or property without
due process of law." Hence, no jury is required. Not being a
criminal proceeding, a writ of error does not lie under the
clause of section 1, chapter 160, Code 1899, giving "a party in
a criminal case" a writ of error. The only colorable authority
for jurisdiction in this case is found in the section just men-
tioned, which gives a writ of error to a party in a "proceeding
for contempt." Is this a proceeding for contempt? Other
members of the Court think it is, or that it is what might be
fitly denominated one *quasi* contempt. I am gratified that the
other members of the Court are clear as to this, for there ought
to be a right to appeal in such cases involving the right of an
attorney to earn a support for himself and family, and also
because it involves personal stigma and dishonor, and there
ought to be an appellate process straight from the decision,
without the necessity of resorting to other process. I must be
permitted to say for myself that I am not clear that a writ of

error will lie for this case as a proceeding for contempt, and for the following reasons: The case of *State* v. *McClaugherty, supra,* makes this proceeding differ from a proceeding for contempt. "The power to disbar an attorney proceeds upon a very different ground from the power to punish for contempt." Weeks on Attorneys 141. Another reason is that contempts are for wrongs against the court, whereas disbarment may be for acts done in court as attorney or for wrongs or crimes done out of court. Still, in answer to this it may be plausibly said that those acts which are done in court may be contempt, and ought to be so regarded, while those done not as attorney and out of court would not be so regarded, and that as the alleged wrongful act in this case was before the judge, it can, and should be, ranked as a contempt. But it will be asked, can it be that disbarment is without any redress if wrong? Not at all. *Mandamus* lies to restore the attorney to his office, and the presence of this remedy is another reason inducing me to the conclusion that a writ of error does not lie. "The remedy by *mandamus* has been applied from an early day to correct the abuses of inferior courts in summary proceedings against their officers, and especially against the attorneys and counselors of the court. The order disbarring attorneys, or subjecting them to fine or imprisonment, is not reviewable by writ of error, it not being a judgment in the sense of the law for which such writ will lie." Merrill on Mandamus, s. 195. This authority states, as I stated above, that the judgment is not one in a civil case *inter partes,* but an *ex parte* proceeding by a court against its officer. Neither is it a criminal prosecution in the name of the State. "The remedy by *mandamus* is the favorite remedy for improper judgment of disbarment or suspension. It has become the regular and approved method of seeking such relief in Federal practice, as neither error nor appeal will lie in the Federal Courts in such cases. While, in several of the states, the remedy by *mandamus* has been denied, yet its propriety in all cases where the decree below is one without the proper exercise of the court's discretion, or is without jurisdiction, or is otherwise irregular, or flagrantly unjust or unlawful, is now generally affirmed." 6 Ency. Pl. & Prac. 719; *Ex Parte Robinson,* 19 Wall. 505; *Ex Parte Wall,* 107 U. S. 265; *Ex parte Bradley,* 7 Wall. 364. In the last case Justice Nelson used the words above quoted from Merrill, and

said, as applicable to all courts, that *mandamus* had been used to restore disbarred attorneys since the organization of courts, and said further that without that writ the party would be remediless, as no writ of error lies in such case. Was Justice Nelson wrong? High, Extraord. L. Rem. s. 216, supports this position. The attorney is an officer of the court. There are many Virginia and West Virginia cases holding that *mandamus* lies to restore or admit an officer to his place.. *Dew* v. *Judges,* 3 Hen. & Mun. 1; *Smith* v. *Dyer,* 1 Call 562; *Booker* v. *Young,* 12 Grat. 306; *Bridges* v. *Shallcross,* 6 W. Va. 562; *Goff* v. *Wilson,* 32 W. Va. at p. 396. Thus I doubt whether this writ of error lies; but the other members of the Court think it does. Their position is, by implication, sustained by the two cases of *Walker* v. *State,* 4 W. Va. 749, and *State* v. *McClaugherty,* 33. W. Va. 250, both cases of disbarment where writs of error were acted on, though the question of jurisdiction was not raised. In the McClaugherty case there was clearly jurisdiction, because of the fine in the proceeding for contempt, which was united with a second proceeding for disbarment. Still, as the court did not sustain the contempt, we would think that it would not sustain the proceeding for disbarment, if it considered there was no jurisdiction; hence the case affords warrant for the claim for jurisdiction to entertain a writ of error; but in truth, the subject was not discussed.

Complaint is made that the rule does not in and of itself recite the grounds of wrong on which the disbarment was to be predicated, as is the regular and usual practice. We think there is no defect in this matter, because the court's order expressly required Shumate to show cause why his name should not be stricken from the roll of attorneys "for the charges and causes contained in the said affidavit," thus making the affidavit a part and parcel of that order or rule, and that affidavit spoke for itself, and gave notice of its contents to Shumate, just as plainly as if its contents had been incorporated in the rule. It is a rule of law that when one instrument makes distinct reference to another, that other instrument becomes a part of the instrument making such reference. *Hughes* v. *Frum,* 41 W. Va. 445.

Lastly, as to the merits. Shumate is charged with having procured from the circuit court a decree for the redemption of certain school lands by stating that there was no defense or

opposition to such redemption, when he knew there was, and by stating that no kinsman of the judge were interested in or affected by such redemption, when he knew to the contrary, and by suppressing from the judge the fact that the case was by agreement between counsel in the case, to stand continued until a certain decision of the Supreme Court of the United States should be rendered, and thereby imposed upon and misled the judge. None of us doubt that such conduct would be of the most reprehensible character in an attorney, and if fully sustained by proof, would amply warrant his disbarment. But all the members of the Court regard the evidence as short and inadequate to sustain these grave charges. The evidence tending to sustain them leaves doubt in our mind, to say the least, whether the misleading of the judge can be fixed on Shumate, or whether it is attributable to another person. The statement of the judge himself is not clear on this point, and the evidence for the defendant strongly tends to exculpate him. Whilst the case is not a criminal case, yet it involves the character of Shumate and a valuable professional right to him, and his standing in the profession, and as held in *State* v. *Walker,* 4 W. Va. 749, and stated in Weeks on Attorneys, s. 83, "Charges against an attorney, with a view to his suspension and removal, must be proved by a clear preponderance of evidence." The judgment of this Court is to reverse the judgment of the circuit court disbarring Shumate and to discharge the rule awarded against him.

*Reversed.*