# CHARLESTON.

### TOWN OF PHILIPPI *v.* KITTLE.

Submitted June 17, 1904. Decided November 29, 1904.

1.    SUPREME COURT OF APPEALS.—*Jurisdiction in Criminal Cases.*
      This Court is without jurisdiction to entertain a writ of
      error from the judgment of the circuit court discharging a
      prisoner from prosecution under a municipal ordinance for
      public drunkenness and disorderly conduct, even though the
      validity of such ordinance may be involved.   (p 348).

Error to Circuit Court, Barbour County.

V. Wirt Kittle was convicted of violating an ordinance of the
town of Philippi. On appeal the conviction was reversed, and
the town brings error.

*Dismissed.*

SAMUEL V. WOODS, for plaintiff in error.

W. T. GEORGE, for defendant in error.

DENT, JUDGE:

V. Wirt Kittle was by the mayor of the town of Philippi on
the 12th day of May, 1903, found guilty of public drunkenness
contrary to sections 3 and 59, ordinance 4 of the town, and
fined $10.00 and costs. Kittle appealed to the circuit court,
which on hearing, held such ordinance invalid; reversed the
judgment and discharged the prisoner. The town obtained a
writ of error to this Court. Kittle moves a dismissal thereof
for want of jurisdiction. It has been held that such proceed-
ings are criminal in their nature, and that the town is the re-
presentative of the State in the prosecution thereof. *City of
Charleston* v. *Beller*, 45 W. Va. 44. In defining the jurisdiction
of this Court in criminal matters section 3, Art. VIII. of the
Constitution, provides that "It shall have appellate jurisdiction
in criminal cases where there has been a conviction for felony
or misdemeanor in a circuit court, and where a conviction has
been had in any inferior court and been affirmed in a circuit
court, and in cases relating to the public revenue the right of
appeal shall belong to the state as well as the defendant, and

such other appellate jurisdiction in both civil and criminal cases, as may be prescribed by law." Section 230, chapter 50, Code, allows an appeal to any person convicted of an offense against a municipal ordinance. *Charleston* v. *Beller*, 45 W. Va. 47. But neither this nor any other section or statute allows an appeal or writ of error in such case to the town or state. Hence this Court is wholly without jurisdiction to entertain this writ, and it must be dismissed as improvidently awarded. No costs allowed.

*Dismissed.*