# CHARLESTON

## STATE v. PEYTON.

Submitted September 9, 1905.    Decided November 28, 1905.

1. CRIMINAL LAW---*Writ of Error by State---Revenue Case.*

    A writ of error does not lie from this Court at the instance of the State, to an order of a circuit court overruling a motion by the State to set aside a verdict of "not guilty" by a jury in a criminal case, for the violation of a law relating to the revenue, when there has been no final judgment on the verdict.   (p. 381.)

2. CRIMINAL LAW---*Dismissal of Writ of Error.*

    In such case the writ of error allowed will be dismissed as improvidently awarded.   (p. 381.)

Error to Circuit Court, Tucker County.

Charles Peyton was found not guilty of selling liquor on Sunday, and the State brings error.

*Dismissed.*

C. W. MAY, Attorney General, for the State.
CUNNINGHAM & STALLINGS, for defendant in error.

COX, JUDGE:

Charles Peyton was indicted, tried and found "not guilty" by a jury, in the circuit court of Tucker county, upon the charge of selling intoxicating drink on a Sunday, he having a state license to sell spirituous liquors, etc.  A writ of error was allowed the State by this Court.

The record discloses that there was a motion by the State to set aside the verdict, and that the motion was overruled, but does not disclose that there was any judgment on the verdict.

Section 3, of chapter 160, Code, provides: "A writ of error shall lie in a criminal case, to the judgment of a circuit court, from the Supreme Court of Appeals.  It shall lie in any case for the accused, and if the case be for the violation of a law relating to the revenue, it shall lie also for the State."  This provision is constitutional and allows a writ of error for the State to a judgment of acquittal by the circuit court in a criminal case for the violation of a law relating to the revenue.  *State* v. *Allen*, 8 W. Va. 680; *State* v. *Fitzpatrick*, 8 *Id.* 707; *State* v. *Cooper*, 26 *Id.* 338; *State* v.

*Thompson,* 26 *Id.* 149.   The law does not authorize a writ of error at the instance of the State to an order of the circuit court overruling a motion to set aside a verdict of a jury in a case for the violation of a law relating to the revenue, when there has been no judgment on the verdict.   Judge Dent, speaking for the Court, in the case of *State* v. *Bluefield Drug Co.,* 41 W. Va. 638, in relation to this section of the statute, says: "This section only applies to cases tried in the circuit court where there is a final judgment of conviction or acquittal."   It is clear that a writ of error does not lie in this case to the order overruling the motion to set aside the verdict.   We cannot, in the absence of a final judgment on the verdict, review the errors assigned, but must dismiss the writ as improvidently awarded.

*Writ Dismissed.*