STATE OF WEST VIRGINIA

*v.*

SUSIE JANE BAILEY

(No. 12922)

Submitted March 3, 1970.                    Decided March 31, 1970.

*Chauncey H. Browning, Jr.,* Attorney General, *George E. Lantz,* Deputy Attorney General, *Willard A. Sullivan, Cheryl A. Wheeler,* Assistant Attorneys General, for plaintiff in error.

*Thomas Munchmeyer, Robert Black,* for defendant in error.

HAYMOND, JUDGE:

In this criminal proceeding upon an indictment for murder against the defendant Susie Jane Bailey, an infant of the age of

fifteen years, returned by a grand jury of Wood County, the State of West Virginia sought and obtained from this Court a writ of error and supersedeas to an order of the Circuit Court of Wood County, entered October 15, 1969, by which that court upon a pretrial hearing overruled a plea of immunity by the defendant and sustained her motion to suppress and ruled as inadmissible evidence at the trial of the case statements made by her to certain investigating officers and her acts at the scene of a fire in which her parents and her ten brothers and sisters perished.

By this writ of error, awarded January 26, 1970 at the instance of the State, it seeks review and reversal of the foregoing order and remand of the case to the Circuit Court of Wood County for trial.

Upon motion of the State it was granted leave to move to reverse the order of the circuit court and on March 3, 1970, the case was submitted for decision upon the motion to reverse, the transcript of the evidence, and the written briefs and the oral arguments of the attorneys in behalf of the State and the attorneys in behalf of the defendant.

On June 8, 1969, E. L. Roush, an Assistant State Fire Marshal, began an investigation of a fire which consumed the home of Charles Bailey at Parkersburg, West Virginia, during the night of June 7 and 8, 1969. In the fire Charles Bailey, his wife, and ten of their thirteen children perished. Their three surviving children are Mrs. Judith Fury, an adult, the defendant Susie Jane Bailey age fifteen years, and Roger Bailey age thirteen years and a defendant in other criminal proceedings in which he has been indicted for murder.

During the investigation conducted by Roush, Pringle, an inspector of the Parkersburg Bureau of Fire Prevention, and Barrows, a city detective, which continued from June 8 to June 10, 1969, the defendant, upon interrogation, made certain statements, oral and written, and engaged in certain acts of an incriminating nature at the scene of the fire in connection with its cause and origin; and as a result of the information given by the defendant in the investigation

she was arrested at noon on June 10, 1969, and counsel was appointed by the Circuit Court of Wood County to represent her.

The defendant was indicted by the grand jury on July 15, 1969 and twelve murder indictments were returned against her. On July 18, 1969, she pleaded not guilty to the charge contained in one of the indictments. On August 5, 1969, the court fixed September 15, 1969 as the date for a hearing on a plea of immunity by the defendant and on that day she filed a motion to suppress the statements made by her. A pretrial hearing on the motion was held on September 15 and 16, 1969. The hearing revealed that the defendant had an I.Q. of 71; that her mental age, expressed in terms of chronological age, is ten years and four months; that her reading ability is on the fifth grade level; and that the normal I.Q. range is 90 to 110.

After the defendant had filed a plea of not guilty but before the commencement of any trial of the case upon its merits, and in connection with the order of October 15, 1969, the circuit court filed a written opinion giving the reasons for its decision to sustain the motion of the defendant to suppress the evidence. From its opinion it appears that the court concluded that the record did not reveal that the defendant had any prior police or trial experience or that she knew of her constitutional rights to remain silent and to have the assistance of counsel, and that she was not informed of the advice and assistance that could be afforded her by an attorney. In consequence, it was the opinion of the court that she did not knowingly and intelligently waive her constitutional rights to remain silent and to have advice of counsel and that her waiver of her rights was invalid.

On October 20, 1969, the court overruled the motion of the State to stay proceedings in the case pending an appeal to this Court, and on October 22, 1969, the State filed its notice of intent to appeal.

The State filed an affidavit of the prosecuting attorney in which he states that the case of the State against the

defendant had been based almost entirely upon the defendant's statements to Roush and the city detective and the evidence which she has furnished, and that without such statements and evidence it would be impossible to obtain conviction in any of the twelve cases in which she has been indicted for murder.

The State assigns as error the action of the court (1) in ruling that the defendant could not and did not knowingly and intelligently waive her constitutional rights to remain silent and have the advise of counsel and that the waiver signed by her is invalid; and (2) in sustaining the motion of the defendant to suppress as evidence the statements made by her to the Fire Marshal and the city detective and the acts of the defendant at the scene of the alleged crime and all the evidence obtained as a result of her statements and acts.

The threshold and controlling question to be determined is whether the State may obtain, and this Court has jurisdiction to grant, a writ of error to review an order of a circuit court suppressing, before the trial, evidence sought to be admitted in a forthcoming trial upon an indictment for an offense which is punishable by imprisonment of the defendant.

If the answer to that decisive question is in the negative the questions whether an interlocutory order in a criminal case is appealable in the absence of a statute making it appealable and whether the ruling of the court on the motion to suppress was correct need not be considered or determined.

The principle is well established that the jurisdiction of this Court, original as well as appellate, is conferred by and is derived wholly from the Constitution and the statutes of this State enacted in pursuance of the Constitution. *State v. Legg,* 151 W.Va. 401, 151 S.E.2d 215; *Cost v. MacGregor,* 123 W.Va. 316, 14 S.E.2d 909; *Carskadon v. Board of Education,* 61 W.Va. 468, 56 S.E. 834; *State v. Shumate,* 48 W.Va. 359, 37 S.E. 618; 1B M.J., *Appeal and Error,* Section 25; 4 AM. JUR. 2d, *Appeal and Error,* Section 4. In *State v.*

*Shumate,* 48 W.Va. 359, 37 S.E. 618, the opinion by Judge Brannon contains this pertinent language: "My understanding is that the jurisdiction of this Court is fixed by the Constitution and statutes, and that there can be no writ of error or appeal, except in those cases warranted by the Constitution or statutes. Such I understand to be the general law wherever the Constitution or statutes assume to specify the cases in which a writ of error and appeal shall lie, as in West Virginia is the case. I suppose that where no constitution or statute does specify, the common law writ of error or appeal lies; but such is not the case in West Virginia. We must therefore find either in the Constitution or statute law authority to entertain this writ of error."

In 4 AM. JUR. 2d, *Appeal and Error,* Section 4, are these statements: "Appellate jurisdiction is derived from the constitutional or statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed. Thus, the determination of the existence and extent of appellate jurisdiction depends upon the terms of the statutory or constitutional provisions in which it has its source."; and "If the matter does not fall within the appellate jurisdiction, the appeal should be dismissed, * * * ."

Article VIII, Section 3, of the Constitution of this State, relating to the scope of jurisdiction of the Supreme Court of Appeals provides:

> "It shall have original jurisdiction in cases of habeas corpus, mandamus, and prohibition. It shall have appellate jurisdiction in civil cases where the matter in controversy, exclusive of costs, is of greater value or amount than one hundred dollars; in controversies concerning the title or boundaries of land, the probate of wills, the appointment or qualification of a personal representative, guardian, committee or curator; or concerning a mill, road, way, ferry or landing; or the right of a corporation or county to levy tolls or taxes; and, also, in cases of quo warranto, habeas corpus, mandamus, certiorari and prohibition, and in cases involving freedom or the constitutionality of a law. It shall have appellate jurisdiction in

criminal cases where there has been a conviction for felony or misdemeanor in a cricuit court, and where a conviction has been had in any inferior court and been affirmed in a circuit court, and in cases relating to the public revenue, the right of appeal shall belong to the State as well as the defendant, and such other appellate jurisdiction, in both civil and criminal cases, as may be prescribed by law."

The statute enacted pursuant to the foregoing constitutional provision, Section 3, Article 1, Chapter 51, Code, 1931, contains provisions identical with those in the quoted constitutional provision.

It should be emphasized that in both the constitutional and statutory provisions, the appellate jurisdiction of this Court in criminal cases is limited to those in which there has been a conviction for felony or misdemeanor in the circuit court and where a conviction has been had in any inferior court and been affirmed in a circuit court, and in cases relating to the public revenue, in which the right of appeal shall belong to the State as well as the defendant, and also that this Court shall have such other appellate jurisdiction in both civil and criminal cases as may be prescribed by law. Other statutes relating to a writ of error by this Court in a criminal case are paragraph j, Section 1, Article 5, Chapter 58, Code, 1931, and Section 30, Article 5, Chapter 58, Code, 1931. The language of paragraph j, Section 1, Article 5, Chapter 58, Code, 1931, is "In any criminal case where there has been a conviction in a circuit court or a conviction in an inferior court which has been affirmed in a circuit court" and is practically identical with the like provision in Section 3, Article 1, Chapter 51, Code, 1931. Section 30, Article 5, of the same chapter, to the extent here pertinent, provides that: "Notwithstanding anything hereinbefore contained in this article, whenever in any criminal case an indictment is held bad or insufficient by the judgment or order of a circuit court, the State, on the application of the attorney general or the prosecuting attorney, may obtain a writ of error to secure a review of such judgment or order by the supreme court of appeals."

The first provisions of Article VIII, Section 3, of the Constitution and of Section 3, Article 1, Chapter 51, Code, 1931, deal with appellate jurisdiction of this Court in civil cases. The provision relating to freedom, upon which the State here relies, applies only to a writ of error or an appeal by a defendant. To apply that provision to the State, as well as the defendant, would give it the clearly unintended, unauthorized and absurd effect of affording the State an appeal in every case, whether the defendant was acquitted or convicted, and would render it violative of Article III, Section 5, of the Constitution of this State that no person shall be twice put in jeopardy of life or liberty for the same offense.

The final portions of the other constitutional and statutory provisions conferring appellate jurisdiction in criminal cases where there has been a conviction for felony or misdemeanor in a circuit court or where a conviction has been had in any inferior court and been affirmed in a circuit court obviously apply only to a writ of error by a defendant and to apply them to the State would likewise render them violative of the constitutional inhibition against second jeopardy. The provision with respect to appellate jurisdiction in cases relating to the public revenue is the only provision in either the Constitution or the foregoing statute which gives the State a right of appeal and that provision is clearly limited to public revenue cases. It is obvious that none of the foregoing provisions of the Constitution or the statute confers jurisdiction upon this Court to grant, or gives the State a right to obtain, a writ of error from this Court to review an order of a circuit court in a criminal case which does not relate to the public revenue.

It is equally clear that the provisions of Section 30, Article 5, Chapter 58, Code, 1931, relate only to a writ of error upon application of the State by the Attorney General or the prosecuting attorney to secure a review of a judgment or an order of a circuit court by which an indictment or a warrant in a criminal case has been held to be bad or insufficient and that they do not apply to an order of a circuit court suppressing evidence sought to be introduced upon the

trial of an indictment in a criminal case. A judgment or an order of a circuit court which holds an indictment or a warrant in a criminal case to be bad or insufficient has been held by this Court to be a final order which is reviewable only by writ of error under Section 30, Article 5, Chapter 58, Code, 1931, and not on certificate under the provisions of Section 2, Article 5, Chapter 58, Code, 1931, as amended. *State v. O'Brien*, 102 W.Va. 83, 134 S.E. 464; *State v. Younger*, 130 W.Va. 236, 43 S.E.2d 52. In the *O'Brien* case this Court treated the warrant on an appeal from a justice as an indictment within the meaning of the then statute, Section 31, Chapter 135, Code, 1923, which is identical with the applicable provisions of Section 30, Article 5, Chapter 58, Code, 1931. In the opinion in that case on that point this Court said: "The sustaining of the demurrer to the warrant and quashing it on the ground that the facts charged do not constitute a crime, brings the case within the provisions of Sec. 31, Chap. 135, Code. On an appeal from a justice our statute provides that the court shall proceed to try the case as upon an indictment or presentment." The *Younger* case also involved a warrant which upon an appeal from a justice was dealt with as an indictment under the statute relating to an indictment.

Under the provisions of the Constitution and the statutes heretofore cited, which confer upon the State the right to a writ of error in criminal cases relating to the public revenue, this Court has granted a writ of error in a number of such cases. Some of those cases are *State v. Peyton*, 58 W.Va. 380, 52 S.E. 393; *State v. Fitzpatrick*, 8 W.Va. 707; *State v. Allen*, 8 W.Va. 680. In the *Peyton* case this Court held that a writ of error does not lie from this Court at the instance of the State to an order of a circuit court overruling a motion by the State to set aside a verdict by a jury in a criminal case of guilty of violating a law relating to the revenue when there had been no final judgment on the verdict. This Court said that in the absence of a final judgment on the verdict it would not review the errors assigned but would dismiss the writ as improvidently awarded. In the *Fitzpatrick* and *Allen* cases the circuit court quashed the indictment in each

case and to the judgment holding the indictment invalid this Court granted a writ of error and reversed the judgment and remanded each case for trial. The offense for which the defendant in each case was indicted was the statutory offense of selling spirituous liquors without a State license and related to the public revenue.

In *Town of Philippi v. Kittle,* 56 W.Va. 348, 49 S.E. 238, the defendant was found guilty by the mayor of the Town of Philippi of the offense of public drunkenness and disorderly conduct in violation of an ordinance of the town and fined $10.00 and costs. He appealed to the circuit court which, upon a hearing, held the ordinance to be invalid, reversed the judgment and discharged the defendant. A writ of error granted by this Court at the instance of the town was dismissed upon motion of the defendant on the ground of lack of jurisdiction of this Court to grant the writ. In the syllabus, this Court said: "This Court is without jurisdiction to entertain a writ of error from the judgment of the circuit court discharging a prisoner from prosecution under a municipal ordinance for public drunkenness and disorderly conduct, even though the validity of such ordinance may be involved." In the opinion this Court said: "In defining the jurisdiction of this Court in criminal matters section 3, Art. VIII, of the Constitution, provides that 'It shall have appellate jurisdiction in criminal cases where there has been a conviction for felony or misdemeanor in a circuit court, and where a conviction has been had in any inferior court and been affirmed in a circuit court, and in cases relating to the public revenue the right of appeal shall belong to the state as well as the defendant, and such other appellate jurisdiction in both civil and criminal cases, as may be prescribed by law.' Section 230, chapter 50, Code, allows an appeal to any person convicted of an offense against a municipal ordinance. *Charleston v. Beller,* 45 W.Va. 47. But neither this nor any other section or statute allows an appeal or writ of error in such case to the town or state. Hence this Court is wholly without jurisdiction to entertain this writ, and it must be dismissed as improvidently awarded."

As the offense for which the defendant has been indicted and is subject to trial in this criminal proceeding does not in anywise relate to the public revenue but is punishable by imprisonment in the penitentiary of this State and, as the validity of the indictment is not involved, the State is not entitled to obtain, and this Court is without jurisdiction to grant, a writ of error to review the order of the circuit court which suppressed the evidence obtained from the defendant and ruled it to be inadmissible upon the trial of the indictment.

A writ of error granted by this Court upon application of the State to review an order of a circuit court in a criminal case suppressing evidence to be introduced by the State at the trial of an indictment for murder in such case is not authorized by any provision of the Constitution or statutes of this State and will be dismissed as improvidently awarded.

*Writ of error dismissed.*