■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PAUL F. VOUTSINAS, SR., Respondent.—Appeal from orders of the County Court of Cortland County, entered March 8, 1976 and October 5, 1976 in Cortland County, which granted motions by defendant to suppress certain evidence. Indicted by the Cortland County Grand Jury for the crimes of burglary in the third degree and criminal mischief in the third degree as the result of an early morning incident in the City of Cortland on February 13, 1975, defendant subsequently obtained orders suppressing statements which he made following the stop of his automobile by State Police Officer Rudd on that morning and his clothing which was seized at the police station later that same day. The People appeal herein from each of the orders of suppression. Considering initially the order of October 5, 1976 suppressing the oral statements made by defendant to Officer Rudd, we hold that the statements should not have been suppressed. The record establishes that defendant was stopped on a deserted city street by Officer Rudd at approximately 4:40 A.M. An attempted burglary had occurred in the vicinity some five hours earlier, and two individuals on foot had been reported acting suspiciously in the area that same morning. Additionally, at approximately 2:30 A.M. Officer Rudd had observed and unsuccessfully followed an individual on foot nearby, and defendant's automobile bore license plates indicating that it was from out of the area. While the totality of these circumstances is admittedly insufficient to indicate criminal activity on the part of defendant, it is our view that the circumstances clearly provided an "articulable reason sufficient to justify" the investigative stop wherein defendant was merely asked for his license and registration as well as an explanation for his presence in the area during the wee hours of the morning (People v

*De Bour,* 40 NY2d 210, 213). We would further point out that the statements sought to be suppressed were plainly given voluntarily to Officer Rudd as he recorded defendant's initial responses to his questions. At the time defendant was standing in the open air near his car and unquestionably not in custody, and he freely approached Officer Rudd and stated that he had lied about being a local college student, but was rather in the area to pick up a friend. Such being the case, the statements are clearly admissible into evidence even though the *Miranda* warnings had not yet been given to defendant (cf. *Oregon v Mathiason,* 429 US 492). With regard to the earlier order of March 8, 1976, we must withhold determination of the appeal and remit the matter for further proceedings to determine the timeliness of the People's appeal therefrom. Pursuant to CPL 460.10 (subd 1, par [a]), the People must appeal from such an order within 30 days after a copy of the order is served upon them. Here, it cannot be established whether or not the People have ever been served with a copy of the subject order with the only indication being that a copy of the order was filed in the county clerk's office. Until the situation is clarified, a proper determination cannot be made upon either the timeliness or the merits of the appeal. Order entered October 5, 1976, reversed, on the law and the facts, motion denied. Determination of the appeal from the order entered March 8, 1976, withheld, and matter remitted to the Cortland County Court for further proceedings to determine the timeliness of the People's appeal. Kane, J. P., Main, Larkin and Herlihy, JJ., concur; Mikoll, J., dissents and votes to affirm in the following memorandum. Mikoll, J. (dissenting). The People are foreclosed from obtaining a review of Judge Dean's order of suppression because their appeal was not timely taken (CPL 460.10, subd 1, par [a]). The District Attorney was served with a copy of the original order on or within a few days of June 9, 1976 and did not file his appeal until October 8, 1976. The order of Judge Harlem suppresses statements made by the defendant to Officer Rudd. The evidentiary hearing conducted by the court disclosed that Officer Rudd stopped the defendant on Monday, February 13, 1975 while the defendant was operating a motor vehicle properly on a public highway. Some five hours earlier an attempted burglary had been reported in the area. The officer was in the area investigating a more recent report that two individuals on foot were seen in the vicinity acting suspiciously. The defendant's car passed the officer's car. The officer pulled the vehicle over and asked for a license and registration which were produced. The defendant was then asked what he was doing there. Officer Rudd stated that this was not a routine police check and that he had stopped the car because it had an out-of-town license plate and because of the late hour. His actions were prompted by intuition and were not taken because of any illegal act on the part of the defendant. On these facts, there were no circumstances calling for police action and the statements made to the officer subsequent to producing his license and registration were properly suppressed *(People v Cantor,* 36 NY2d 106).