THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PAUL F. VOUTSINAS, SR., Respondent.

Third Department, June 1, 1978

APPEARANCES OF COUNSEL

*Robert E. Jones,* District Attorney *(Kathleen Heirich Casey* of counsel), for appellant.

*John F. Henry* for respondent.

**OPINION OF THE COURT**

KANE, J. P.

■ By virtue of a statement (CPL 450.50) and notice of appeal dated October 8, 1976, the People sought to have us review two orders suppressing certain evidence; one was entered March 8, 1976, the other on October 5, 1976. We reversed the latter order, which had barred the use of defendant's oral statements, but withheld a determination of the issues relating to the former order, which had suppressed items of clothing taken from his person, because it was not known whether the People's appeal therefrom had been taken in a timely fashion *(People v Voutsinas,* 60 AD2d 664). On remittal it was agreed that this order had been served by mail on the People on March 5, 1976. Inasmuch as no exception or possibility of extension is provided for by statute, it follows that this portion of the appeal is untimely and must be dismissed (CPL 460.10, subd 1, par [a]). To avoid this result, the People advance a novel argument that warrants comment.

It is contended that suppression orders are appealable only when they render the remaining proof legally or practically insufficient for a conviction (CPL 450.20, subd 8; 450.50, subd 1) and, since that situation did not arise until the second order was entered on October 5, 1976, the instant order did not become final for the purpose of appeal until that date. Reli-

ance is also placed on CPLR 5501 by which an appeal from a final judgment will generally include the review of prior intermediate orders. Although not directly stated, it appears the People are apprehensive that successively erroneous orders of suppression might chip away at the case for the prosecution and yet fall beyond appellate scrutiny.

■ It should be observed initially that the People's position would possess some relevance only if we had affirmed the second order for, as matters now stand, the case is in exactly the same posture as it was after the first order was entered and the People concede that it did not render the proof inadequate for a conviction. Moreover, continuing with the hypothesis presented, the CPLR 5501 analogy is inappropriate for the reason that the limited right of appeal granted to the People in criminal matters does not extend to final judgments. Lastly, it is worth noting that a series of motions to suppress various types of evidence should be infrequent as the statutes contemplate an omnibus procedure (CPL 710.40; 255.20). In those unusual circumstances where separate motions and rulings occur, the apparent legislative intent to forbid interlocutory appeals by the People outweighs any potential concern that an erroneous "nonfinal" order might occasionally escape appellate correction.

The appeal should be dismissed.

LARKIN, J. (dissenting). I respectfully dissent.

The People may take an appeal as of right from an order suppressing evidence before trial, provided the People file a statement in the appellate court "asserting that the deprivation of the use of the evidence ordered suppressed has rendered the sum of the proof available to the people with respect to a criminal charge which has been filed in the court either (a) insufficient as a matter of law, or (b) so weak in its entirety that any reasonable possibility of prosecuting such charge to a conviction has been effectively destroyed" (CPL 450.50, subd 1).

In the instant case, according to the affidavit of the District Attorney, the first order of suppression entered March 8, 1976 did not render the sum of proof available insufficient or so weak as to destroy a reasonable possibility of conviction. Accordingly, the People could not lawfully file such a statement and no right to appeal existed. It was when there was a second order suppressing other evidence, entered October 5,

1976, that the People timely filed a notice of appeal and the required statement pursuant to CPL 450.50.

On the appeal from this second order of suppression the People seek to have this court review not only that order but the first order of suppression entered March 8, 1976. The majority hold that we cannot review the suppression order of March 8, 1976 because "this portion of the appeal is untimely and must be dismissed (CPL 460.10, subd 1, par [a])." The majority further determine that the People can have no review of successive orders of suppression until that final piece of evidence is suppressed which effectively destroys the People's case and becomes the "straw that breaks the camel's back" and, then, it is only that "last straw" which may be reviewed by this court. The majority cite no case law in support of this harsh view and rely upon the statutory directions which provide that an appeal must be taken from an order of the criminal court within 30 days (CPL 460.10, subd 1, par [a]).

Implicit in that statutory mandate, however, is that the 30-day time limitation begins after the right to appeal comes into existence. Hence, I find it inapplicable to this case where the right to appeal did not exist and does not exist until the District Attorney can file the required statement which he was not able to do after the first order of suppression. The CPLR provides an analogy in that an appeal from a final judgment brings up for review any nonfinal judgment or order which necessarily affects the final judgment, provided that the nonfinal order had not previously been reviewed (CPLR 5501). It was only when the first and second orders of suppression herein were added together that the sum of the proof available to the People was insufficient or so weak as to effectively destroy a reasonable possibility of prosecuting the charges to a conviction.

Both orders should have been reviewed by this court.

MAIN, MIKOLL and HERLIHY, JJ., concur with KANE, J. P.; LARKIN, J., dissents in a memorandum.

Appeal dismissed.