(March 31, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TIMOTHY KIRBY and FREDDIE FRANKLIN, Respondents. — Order entered February 2, 1982 in Su-

preme Court, New York County (Rothwax, J.) (112 Misc 2d 906), granting defendants' motion and dismissing the indictment charging the defendants with murder in the second degree, attempted murder in the second degree and assault in the first degree, unanimously reversed, on the law and the facts, the motion denied, and the indictment reinstated. On January 12, 1979 a gypsy cab driver was murdered. Timothy Kirby was arrested and tried in March of 1980 on a January, 1979 indictment charging the above crimes. That trial resulted in a mistrial because the jurors could not agree upon a verdict. In July of 1980 Freddie Franklin was arrested on an unrelated charge and on October 31, 1980 a New York County Grand Jury returned a superseding indictment accusing both men of these crimes. The jurors in the first trial retired to deliberate on March 25, 1980 and the following day a mistrial was declared — with the consent of the defense — because the jury was hopelessly deadlocked. With the court's permission the attorneys questioned and learned from the jurors that they had stood 10 to 2 for conviction. A second trial of both defendants began on February 26, 1981, and on March 29 another mistrial was declared, on consent of the defense, this jury also being unable to agree upon a verdict. This time the jurors were split 8 to 3 for acquittal of Franklin, and 6 to 6 in the case of Kirby. A third trial on the indictment (second for Franklin) began in October of 1981, but this, too, ended in a jury deadlock and a mistrial, on November 13, 1981. The jurors on this panel stated that they had been 10 to 2 in favor of convicting both men. A month later the defendants moved in Criminal Term, Part 50, to dismiss the indictment on the grounds that continued prosecution would subject them to double jeopardy, would constitute cruel and unusual punishment and would not be in the interests of justice. (US Const, 5th, 8th, 14th Amdts; CPL 210.40.) The court, after a creative and well-reasoned discussion of the law, granted the motion (112 Misc 2d 906). We fully agree with the Judge below that the constitutional claims raised are without merit (112 Misc 2d, at pp 907-909). And we do not hold, as the People would have us hold, that the lower court was without discretion beyond that provided for in CPL 210.40. Although the court below, finding no contrary authority, adopted the reasoning of the Supreme Court of Tennessee, in *State v Witt* (572 SW2d 913, 917) we believe it to be fundamental that a trial court has "'inherent authority to terminate a prosecution in the exercise of a sound judicial discretion'". (112 Misc 2d, at p 912.) The source of this discretion is found not only in the ultimate responsibility of the court to assure the integrity of its judgment within its jurisdiction, but more simply, it is traceable to the principle of the separation of powers, upon which our government is based. While such discretion is easily recognized when the issues assume constitutional dimension (*Matter of Commissioner of Social Servs. of City of N.Y. v Roberto G.*, 72 AD2d 9), it is in reality a residual continuum extending even to the most mundane. (Cf. *People v Cangiano*, 40 AD2d 528 [control of court calendar].) In this case, however, we find that discretion to have been improvidently exercised. As the court below noted, "the crimes charged in the indictment are the most serious, the harm caused by the alleged acts is irredeemable, both defendants have long records of continued violence and there is not a scintilla of evidence that the prosecutions are motivated by bad faith or that the conduct of the trials has been unfair to the accused. *In the absence of other aggravating circumstances,* the failure of successive juries to agree on a verdict does not 'clearly demonstrate' that an eventual conviction 'would constitute or result in injustice' (CPL 210.40; see *People v Zagarino*, 74 AD2d 115)" (112 Misc 2d, at p 908; emphasis supplied). The statute, CPL 210.40 (subd 2), is broad in its grant of power to dismiss "in the interest of justice". Indeed, the Court of Appeals has recently commented on the "generality and exquisiteness

of the interest of justice ideal" (*People v Rickert*, 58 NY2d 122, 126 [per Fuchsberg, J.] ["not intended * * * to convey an untrammeled right to act on purely subjective considerations"]). Having cogently stated why that statute was not available for its action, the court was duty bound to explain the factors it perceived as justifying an exercise of its discretion. Reference to an off-the-record discussion with the last of the three Justices who presided over the trials does not illuminate. Obviously neither the prosecutor nor the defense attorneys were privy to this conversation, and that Justice has now retired. While the court below was correct in its general observation (p 913) that "[r]equiring defendants to face additional juries with the continuing prospect of no verdict offends traditional notions of fair play and substantial justice", we are unconvinced that that is the situation here. Concur — Murphy, P. J., Ross, Carro, Asch and Alexander, JJ.