363 S.E.2d 513

**STATE of West Virginia**

v.

**Robert L. JONES.**

**No. 17638.**

Supreme Court of Appeals of West Virginia.

Nov. 19, 1987.

Rehearing Denied Feb. 3, 1988.

Susan B. Tucker, Pros. Atty., Darrell W. Ringer, Asst. Pros. Atty., Morgantown, for plaintiff.

Gregory Hinton, Fairmont, for defendant.

MILLER, Justice:

The State of West Virginia, pursuant to W.Va.Code, 58–5–30, appeals an order of the circuit court granting a motion to dismiss a murder indictment after the first two trials had resulted in mistrials because of deadlocked juries.[1] The court dismissed

---

**1.** The initial indictment was handed down in the May, 1980 Term of the Circuit Court of Monongalia County, and the first trial was held in February, 1981. The second trial was held in December, 1982, in Harrison County as a result of the defendant's motion for a change of venue. The case was apparently continued on joint motion until it was set for trial in the May, 1986

the indictment on the ground that the defendant, Robert L. Jones, a black male, had been denied equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution. The State argues the trial court applied an incorrect legal standard in ordering dismissal of the indictment and urges reversal of the trial court's ruling. We conclude that the State's appeal is untimely and, therefore, should be dismissed.

As a threshold question, although not raised by the parties, we determine if the State's appeal is timely. Under W.Va. Code, 58–5–30, the State is authorized to appeal in limited circumstances, i.e., where "an indictment is held bad or insufficient." This statute further provides that no appeal shall be allowed "unless the State presents its petition therefor to the supreme court of appeals, or one of the judges thereof, within thirty days of the entry of such judgment or order" dismissing the indictment.[2] This same time period is set out in Rule 37(b)(2)[3] of the West Virginia Rules of Criminal Procedure. Here, the State did not file its petition for an appeal until more than six months after the dismissal order was entered. The judgment order was entered on August 28,

1986, and the State's petition was not filed in this Court until March 2, 1987.

We recognized in *State ex rel. Maynard v. Bronson*, 167 W.Va. 35, 41, 277 S.E.2d 718, 722 (1981), that "the right of the State to ... appeal in criminal cases is limited." In *State v. Bailey*, 154 W.Va. 25, 173 S.E.2d 173 (1970), the State sought to appeal an order of the circuit court granting the defendant's motion to suppress evidence that was allegedly essential to obtain a conviction. This Court dismissed the appeal as improvidently awarded on the basis that neither Art. VIII, § 3 of the Constitution of West Virginia,[4] nor any statutory provision authorized the State to appeal an order granting a criminal defendant's motion to suppress evidence.[5]

Our law is in accord with the general rule that the State has no right of appeal in a criminal case, except as may be conferred by the Constitution or a statute. *E.g., United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *People v. Superior Court of Marin County*, 69 Cal.2d 491, 72 Cal.Rptr. 330, 446 P.2d 138 (1968); *State v. Bellamy*, 4 Conn.App. 520, 495 A.2d 724 (1985); *Dt. of Columbia v. McConnell*, 464 A.2d 126 (D.C.App.1983); *State v. Creighton*, 469 So.2d 735 (Fla.

Term when defendant moved to dismiss the indictment. The motion was granted by the Circuit Court of Harrison County on August 28, 1986.

**2.** W.Va.Code, 58–5–30 (1931), provides in relevant part:

"Notwithstanding anything hereinbefore contained in this article, whenever in any criminal case an indictment is held bad or insufficient by the judgment or order of a circuit court, the State, on the application of the attorney general or the prosecuting attorney, may obtain a writ of error to secure a review of such judgment or order by the supreme court of appeals. *No such writ of error shall be allowed unless the State presents its petition therefor to the supreme court of appeals, or one of the judges thereof, within thirty days after the entry of such judgment or order."* (Emphasis added.)

**3.** Rule 37(b)(2) provides as pertinent here:

"When an appeal by the state is authorized by statute, the petition for appeal shall be filed with the clerk of the supreme court of

appeals within 30 days after entry of judgment or order appealed from."

**4.** Art. VIII, § 3, W.Va. Const., provides, in pertinent part:

"It shall have appellate jurisdiction in criminal cases, where there has been a conviction for a felony or misdemeanor in a circuit court, and such appellate jurisdiction as may be conferred upon it by law where there has been such a conviction in any other court. In criminal proceedings relating to the public revenue, the right of appeal shall belong to the State as well as to the defendant. It shall have such other appellate jurisdiction, in both civil and criminal cases, as may be prescribed by law."

**5.** The single Syllabus of *State v. Bailey, supra,* states:

"A writ of error granted by this Court upon application of the State to review an order of a circuit court in a criminal case suppressing evidence to be introduced by the State at the trial of an indictment for murder in such case is not authorized by any provision of the Constitution or statutes of this State and will be dismissed as improvidently awarded."

1985); *State v. Johnson,* 50 Haw. 525, 445 P.2d 36 (1968); 24 C.J.S., *Criminal Law* § 1659 (1961). Statutes giving the right of appeal to the State are also subject to scrutiny under constitutional double jeopardy principles. This Court declared a statute unconstitutional based on double jeopardy principles which gave the State the right to appeal any criminal case involving the prohibition laws in *Ex parte Bornee,* 76 W.Va. 360, 85 S.E. 529 (1915).[6] The United States Supreme Court has treated this issue at some length in *United States v. Wilson, supra.*

As to the time period question, we note initially the use of the word "shall" in conjunction with the thirty-day appeal period. Ordinarily, we hold that the use of the term "shall" in a statute means that the legislature intended this to be a mandatory requirement. *Underwood v. County Comm'n of Kanawha County,* 176 W.Va. 740, 349 S.E.2d 443 (1986); *Nelson v. W.Va. Public Employees Ins. Bd.,* 171 W.Va. 445, 300 S.E.2d 86, 34 A.L.R.4th 438 (1982); *Woodring v. Whyte,* 161 W.Va. 262, 242 S.E.2d 238 (1978).

In several earlier cases we expressed the view that the appeal had to be brought "within thirty days after the entry of such judgment." *State v. O'Brien,* 102 W.Va. 83, 85, 134 S.E. 464, 465 (1926). *See also, State v. General Daniel Morgan Post No. 548, V.F.W.,* 144 W.Va. 137, 139, 107 S.E.2d 353, 355 (1959).

Other jurisdictions, including the federal courts, that have statutes enabling the government to appeal within a certain time limit have held that compliance with the time limit is mandatory. *E.g., United States v. Hark,* 320 U.S. 531, 64 S.Ct. 359, 88 L.Ed. 290 (1944) (decided under forerunner statute); *United States v. Martinez,*

681 F.2d 1248 (10th Cir.1982); *State v. Veazey,* 337 So.2d 1163 (La.1976); *State v. Schermerhorn,* 379 N.W.2d 660 (Minn.App. 1986); *State v. Reisewitz,* 261 N.W.2d 591 (Minn.1977); *People v. Voutsinas,* 62 A.D.2d 465, 406 N.Y.S.2d 138 (1978); *Commonwealth v. Andrews,* 251 Pa.Super. 162, 380 A.2d 428 (1977).[7]

One of the major policy reasons advanced for this rule, other than strict construction, is that the State should not be able to delay the appeal thereby increasing the period the defendant is held subject to prosecution. Implicit in this rationale is the further thought that the State's delay prolongs the embarrassment and humiliation which are attendant to criminal prosecution. *United States v. Wilson,* 420 U.S. at 343, 95 S.Ct. at 1022, 43 L.Ed.2d at 241. Furthermore, from a practical standpoint, because the appeal is on a very limited issue, the State is not hampered by having to prepare any extensive record in order to meet the time period.

It should also be pointed out that it is questionable whether an appeal under W.Va.Code, 58–5–30 lies where the issue is something other than a defective indictment. In the present case, no claim is made that the indictment itself is defective in the traditional sense that it fails to properly charge a crime. We spoke to this point in *State v. Bailey,* 154 W.Va. at 31, 173 S.E.2d at 177:

"It is equally clear that the provisions of Section 30, Article 5, Chapter 58, Code, 1931, relate only to a writ of error upon application of the State by the Attorney General or the prosecuting attorney to secure a review of a judgment or an order of a circuit court by which an indictment or a warrant in a criminal

6. Syllabus Point 5 of *Ex parte Bornee, supra,* states:
  "Acts 1913, c. 13, sec. 22 (Code 1913, c. 32a § 22 [sec. 1301]), giving right of appeal to the state, is unconstitutional and ineffective in any imprisonment case wherein it operates to put the accused again in jeopardy for the same offense."

7. Some flexibility has been accorded on the federal side by holding that if a motion for reconsideration of the dismissal is filed, the

time begins to run from the date of the order disposing of it. *United States v. Dieter,* 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976). Further, a motion to extend time for filing has been utilized where the motion is timely made. *United States v. Rothseiden,* 680 F.2d 96 (11th Cir.1982). No such motion was made in this case pursuant to Rule 16(c) of the Rules of Appellate Procedure of the West Virginia Supreme Court of Appeals.

case has been held to be bad or insufficient and that they do not apply to an order of a circuit court suppressing evidence sought to be introduced upon the trial of an indictment in a criminal case."

Here, the dismissal was on a ground independent of the validity of the indictment. The motion to dismiss was premised upon a claim of selective or discriminatory prosecution based on *United States v. Berrios*, 501 F.2d 1207 (2nd Cir.1974), and related cases.[8] The defendant claimed that as a black person, he was subjected to repeated retrials based on his race. Clearly, this type of allegation had nothing to do with the sufficiency of the indictment.

As we observed in *State ex rel. Maynard v. Bronson, supra*, because of the limited right of the State to appeal in a criminal case, we have been reluctant to enlarge that right judicially. At issue in *Maynard* was the prosecution's right by way of an original prohibition in this Court to prevent the circuit court from dismissing a case. The dismissal was based on the failure to try the case within the time period set out in the Agreement on Detainers Act. W.Va.Code, 62–14–1, *et seq.* We concluded that prohibition could not be used.[9] We need not decide the substantive issue of whether this type of dismissal is appealable under W.Va.Code, 58–5–30, since there has been a failure to timely present the appeal within the prescribed thirty-day period.[10]

Thus, we conclude that where the State does not file a petition to appeal with this Court within thirty days from the date of the entry of the order dismissing an indictment as required by W.Va.Code, 58–5–30, the appeal will be dismissed as improvidently awarded.

Appeal dismissed.

---

**8.** *United States v. Berrios*, 501 F.2d at 1207, formulated this test:

> "To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least *prima facie*, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. These two essential elements are sometimes referred to as 'intentional and purposeful discrimination.'"

It is doubtful from the record below that the defendant made a showing under this law because of the heavy burden required. A more appropriate analysis for determining whether a case should be dismissed after multiple mistrials resulting from hung juries is found in cases contained in the Annotation in 4 A.L.R.4th 1274 (1981), which apply a balancing test. *See, e.g., Ex Parte Anderson*, 457 So.2d 446 (Ala. 1984); *State v. Moriwake*, 65 Haw. 47, 647 P.2d 705 (1982); *State v. Lundeen*, 297 N.W.2d 232 (Iowa App.1980); *State v. Abbati*, 99 N.J. 418, 493 A.2d 513 (1985); *People v. Kirby*, 92 A.D.2d 848, 460 N.Y.S.2d 572 (1983).

**9.** The single Syllabus of *Maynard*, states:

> "Prohibition is not a proper remedy to challenge the dismissal of indictments by a judge of a circuit court acting pursuant to the West Virginia Agreement on Detainers, *W.Va.Code*, 62–14–1, *et seq.*, where the judge of the circuit court had jurisdiction of the subject matter in controversy, and nothing in the record indicates that the judge exceeded his legitimate powers. *W.Va.Code*, 53–1–1."

**10.** It should be noted that the federal statute giving the right to appeal, 18 U.S.C. § 3731, appears to be broader than W.Va.Code, 58–5–30, since it speaks of "dismissing an indictment or information" without any limiting language; whereas, W.Va.Code, 58–5–30 utilizes language that "an indictment is held bad or insufficient." *See United States v. Wilson, supra* (dismissal of indictment because of preindictment delay appealable). *See generally*, Annot., 30 A.L.R.Fed. 655 (1976). As to state cases construing the prosecution's right to appeal in a criminal case, *see* Annot., 92 A.L.R. 1137 (1934). The Alaska Supreme Court held in *Kott v. State*, 678 P.2d 386 (Alaska 1984), that its statute which provided for an appeal "to test the sufficiency of the indictment or information" was more restrictive than the federal statute, and could not be used to appeal the dismissal of an indictment based on collateral estoppel.