411 S.E.2d 688

**STATE of West Virginia, Plaintiff Below, Appellant,**

v.

**Melissa WALTERS, Defendant Below, Appellee.**

**No. 20110.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 11, 1991.

Decided Nov. 18, 1991.

Patricia Valentino Kutsch, Pros. Atty. for Ohio County, Wheeling, for appellant.

L. Robert Pettini, Public Defender Corp., Wheeling, for appellee.

McHUGH, Justice:

This case is before this Court on the appeal of the State of West Virginia, the plaintiff below, purportedly pursuant to the provisions of *W.Va.Code*, 58–5–30 [1931]. The appeal is from the final order of the Circuit Court of Ohio County, West Virginia, dismissing, without prejudice, the criminal complaints filed by two individuals in the Magistrate Court of Ohio County against the appellee-defendant, Melissa Walters. For the reasons set forth below, we dismiss this appeal as improvidently granted.

I

On several occasions over a few months, the complainants, Ms. Lisa Jenkins and Ms. Robin Jenkins, had contacts with a certain magistrate, at his office in the Magistrate Court of Ohio County, West Virginia, concerning an on-going dispute between the complainants and the appellee-defendant, Melissa Walters. The record does *not* indicate the exact nature of these contacts or whether the magistrate advised the complainants, as opposed to merely imparting information to them. Ultimately, in April, 1990, each of the complainants sought from this same magistrate a warrant for the arrest of Ms. Walters for an alleged battery, a misdemeanor offense.

Due to the highly agitated state of the complainants, the magistrate instructed his assistant to type the criminal complaints, instead of having the complainants themselves write the complaints. The complainants reviewed the typed complaints, were interrogated briefly by the magistrate and, under oath, signed the complaints. Thereupon, the arrest warrants were issued.

Subsequently, upon an express waiver by the criminal defendant of a trial in magistrate court and with the consent of the magistrate court, the case was transferred to the Circuit Court of Ohio County.[1] The defendant upon transfer of the case to circuit court filed a motion for the circuit court to dismiss the criminal complaints because the magistrate was not neutral and detached at the time the complaints were filed and the arrest warrants were issued.

The circuit court conducted an evidentiary hearing consisting of the testimony of the magistrate. The magistrate testified that, due to his prior exposure to the matter, he was concerned that there indeed be probable cause for the issuance of the arrest warrants, rather than the warrants being sought by the complainants in retaliation for misdemeanor battery complaints which had been filed against them by Ms. Walters.

The circuit court granted the motion to dismiss, without prejudice to the complainants' right to file new criminal complaints about the incident before another magistrate from another county in the First Judicial Circuit.[2] The circuit court concluded that the magistrate had not maintained neutrality or the appearance of neutrality, due to the magistrate's personal knowledge

1. A defendant charged in a magistrate court with a misdemeanor offense within the jurisdiction of that court has a right to a trial on the merits in that court. *W.Va.Code*, 50–5–7 [1976]. Such defendant, however, under *W.Va.Code*, 50–4–6 [1976], may expressly waive his or her right to a trial in the magistrate court, and it has been held that if the magistrate court consents to relinquishing its jurisdiction, the case may be transferred to the circuit court, which has concurrent jurisdiction. *State ex rel. Burdette v. Scott*, 163 W.Va. 705, 710 n. 5, 259 S.E.2d 626, 630 n. 5 (1979). *See also State ex rel. Tate v. Bailey*, 166 W.Va. 397, 274 S.E.2d 519 (1981). *See generally W.Va.Mag.Ct.R.Crim.P.* 5(b)

(recognizing waiver by defendant of trial in magistrate court).

The record in the present case does *not* indicate that the defendant, pursuant to *W.Va.Code*, 50–4–7 [1978] and *W.Va.Mag.Ct.R.Crim.P.* 12(a)(1), filed a motion for transfer of the case to another magistrate on the ground that the initial magistrate was biased in favor of the complainants.

2. The record does not indicate why the circuit court insisted upon a magistrate from another county in the First Judicial Circuit, as opposed to another magistrate from Ohio County.

of disputed or disputable evidentiary facts acquired from the several *ex parte* contacts with the complainants. The circuit court also concluded that a magistrate or a magistrate assistant should not participate in the actual drafting of a criminal complaint.

The State brought this appeal from the circuit court's dismissal order.

## II

The right of the State in a criminal case to appeal to this Court is limited to those instances authorized by the *Constitution of West Virginia* or by statute. This point was made in syllabus point 1 of *State v. Jones*, 178 W.Va. 627, 363 S.E.2d 513 (1987), where we stated: "Our law is in accord with the general rule that the State has no right of appeal in a criminal case, except as may be conferred by the Constitution or a statute." *Accord*, syl. pt. 1, *State v. Adkins*, 182 W.Va. 443, 388 S.E.2d 316 (1989). In this jurisdiction the State may appeal to this Court in a criminal case if (1) the case relates to the public revenue, *W.Va. Const.* art. VIII, § 3 and *W.Va. Code*, 51-1-3 [1931], or if (2) an indictment is held to be "bad or insufficient" by the order of a circuit court.[3] These constitutional and statutory provisions will not be judicially enlarged, but, instead, will be strictly construed. *Adkins*, 182 W.Va. at 446-47, 388 S.E.2d at 320; *Jones*, 178 W.Va. at 629, 630, 363 S.E.2d at 515, 516.

The State contends here that *W.Va. Code*, 58-5-30 [1931], *see supra* note 3, authorizes this appeal. The State cites authority for the proposition that the State, under the "bad or insufficient" *indictment* language of *W.Va. Code*, 58-5-30 [1931], or its predecessor, may appeal to this Court from a final order of a circuit court dismissing a criminal *complaint* or quashing an arrest *warrant* as bad or insufficient, when the case was before the circuit court on an appeal by a criminal defendant from a final order of a justice of the peace court (now a magistrate court). The authorities relied upon here by the State hinged their holdings on the fact that the statute at that time authorizing the appeal by a criminal defendant to the circuit court, *W.Va. Code*, 50-18-10 [1965], or its predecessor, provided expressly that the circuit court shall proceed to try the case "as upon indictment[.]" *See State v. Bailey*, 154 W.Va. 25, 31-32, 173 S.E.2d 173, 177 (1970) (dicta; indictment in that case); *State v. Younger*, 130 W.Va. 236, 237-38, 43 S.E.2d 52, 53 (1947); *State v. O'Brien*, 102 W.Va. 83, 84, 134 S.E. 464, 465 (1926). The State's reliance on these authorities is misplaced.

*W.Va. Code*, 50-18-10 [1965] was *repealed* in 1976 and was replaced by *W.Va. Code*, 50-5-13 [1976, 1984]. The latter provides that, upon an appeal by a criminal defendant to a circuit court from a magistrate court's final order, "[t]rial in circuit court shall be de novo." *W.Va. Code*, 50-5-13 [1976, 1984] does *not* contain the language of the repealed *W.Va. Code*, 50-18-10 [1965], or its predecessor, that the circuit court was to try the case "as upon indictment[.]" Therefore, unlike the statute in effect when *Bailey*, *Younger* and *O'Brien* were decided, the statute in effect at the time of this case does *not* equate a criminal complaint and an arrest warrant with an *indictment* for purposes of trial

---

**3.** *W.Va. Const.* art. VIII, § 3 provides, in relevant part:

It [the Supreme Court of Appeals of West Virginia] shall have appellate jurisdiction in criminal cases, where there has been a conviction for a felony or misdemeanor in a circuit court, and such appellate jurisdiction as may be conferred upon it by law where there has been such a conviction in any other court. *In criminal proceedings relating to the public revenue, the right of appeal shall belong to the State* as well as to the defendant. It shall have such other appellate jurisdiction, in both civil and criminal cases, as may be prescribed by law.

(emphasis added) *W.Va. Code*, 51-1-3 [1931] has virtually identical language on this subject.

The pertinent portion of *W.Va. Code*, 58-5-30 [1931] is as follows:

Notwithstanding anything hereinbefore contained in this article, whenever in any criminal case an *indictment is held bad or insufficient* by the judgment or order of a circuit court, *the State*, on the application of the attorney general or the prosecuting attorney, *may obtain a writ of error* to secure a review of such judgment or order by the supreme court of appeals.

(emphasis added)

before the circuit court or for purposes of this Court's appellate jurisdiction.

In addition, the present case was not before the circuit court upon an appeal by the criminal defendant from a magistrate court's final order but upon a *transfer* from a magistrate court, and the statute suggesting criminal trials in circuit court upon transfer from magistrate court, *W. Va. Code*, 50–4–6 [1976], *see supra* note 1, does not contain any language, as in the former *W. Va. Code*, 50–18–10, providing for the trial before the circuit court to be "as upon indictment[.]" The Court has recognized the usual distinction between a criminal complaint generated in magistrate court and an indictment before a circuit court. *See, e.g., State v. Hamilton*, 133 W.Va. 394, 402–03, 56 S.E.2d 544, 548 (1949) (Haymond, J.) (particular statute requiring certain matter to be contained in criminal complaint does not apply to indictment).

Finally, this case does *not* involve a *"bad or insufficient"* charging document under *W. Va. Code*, 58–5–30 [1931], in the traditional sense that there was a failure *substantively* to charge a crime. *See Adkins*, 182 W.Va. at 447–48, 388 S.E.2d at 321; *Jones*, 178 W.Va. at 629, 363 S.E.2d at 515. Instead, the claim in circuit court was that a *procedural* violation occurred, specifically, the alleged lack of a neutral and detached magistrate.

Even if a circuit court, on an appeal by a criminal defendant or a transfer from a magistrate court, dismisses a criminal complaint, filed initially in magistrate court, on the ground that the complaint fails substantively to charge a crime, no appeal by the State to this Court would be available under *W. Va. Code*, 58–5–30 [1931]. In that situation a "bad or insufficient" *indictment* is not involved, and appeals to this Court by the State under *W. Va. Code*, 58–5–30 [1931] are restricted to cases involving purportedly "bad or insufficient" indictments, not criminal complaints. The legislature obviously believes it would be a better use of resources for new criminal com-

plaints to be filed when the original criminal complaints are held to be "bad or insufficient" by a circuit court, than for the State to appeal that court's ruling to this Court over minor offenses.

This Court holds that *W. Va. Code*, 58–5–30 [1931] does not authorize an appeal to this Court by the State from a final order of a circuit court dismissing a criminal complaint filed initially in magistrate court.

■ While our holding on the lack of jurisdiction of this Court to entertain this appeal is dispositive, we note that the circuit court's conclusion that a magistrate or a magistrate assistant should not participate in the drafting of a criminal complaint appears to be somewhat oversimplified. The key concept in this regard is that "no magistrate, magistrate court clerk or magistrate court deputy clerk or magistrate assistant shall: ... [¶] (c) Act as agent or attorney for any party in any proceeding in any magistrate court in the State[.]" *W. Va. Code*, 50–1–12 [1978]. *See also* Canon 3(C)(1)(b) of the *Judicial Code of Ethics* (1989) (judge, including a magistrate, should disqualify himself or herself in a proceeding in which his or her impartiality might reasonably be questioned, including where judge served as lawyer in the matter in controversy). Thus, a magistrate or other magistrate court personnel should *not* furnish legal *advice* to a party to a proceeding in magistrate court.

On the other hand, a magistrate or other magistrate court personnel *may* furnish legal *information* to parties to proceedings in magistrate court, many of whom will not be represented by legal counsel.

■ Similarly, while it would be improper for a magistrate assistant to compose or draft a criminal complaint for a complainant, in the sense of providing the content of the complaint, it would not be improper for a magistrate assistant to act merely as a scribe, in the sense of accurately reducing to written form the oral complaint of a complainant.[4]

---

**4.** Ordinarily, however, it would be a better practice for the complainant to act as his or her own scrivener of a complaint.

Having decided that we lack jurisdiction to hear this appeal, we do not address the merits of the circuit court's ruling in this case that the magistrate was not neutral and detached and that, therefore, the criminal complaints must be dismissed, without prejudice to the filing of new complaints before another magistrate.

For the reasons stated above, this appeal is dismissed as improvidently granted.

Appeal dismissed.

Furthermore, it would be preferable for a person initiating a civil or criminal proceeding in magistrate court to communicate with the magistrate assistant rather than with the magistrate. Obviously it would be impossible for a magistrate to make an impartial determination of whether probable cause exists for the issuance of an arrest warrant if that magistrate, instead of the complainant, provided the content of the criminal complaint.