IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2024 Term

_____

No. 24-31
_____

FILED

**October 28, 2024**

**released at 3:00 p.m.**
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA *ex rel.*,
STATE OF WEST VIRGINIA,
Petitioner

v.

THE HONORABLE PAUL W. GWALTNEY, JR.
Judge of the Circuit Court of Monongalia County, and
WILLIAM J. MCGOUGH,
Respondents

_____

PETITION FOR WRIT OF PROHIBITION

WRIT GRANTED

_____

Submitted: October 9, 2024
Filed: October 28, 2024

Patrick Morrisey, Esq.
Attorney General
Holly M. Mestemacher, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Petitioner

Ryan J. Umina, Esq.
Beth L. Umina, Esq.
Seth F. Huy, Esq.
Umina Legal, PLLC
Morgantown, West Virginia
Counsel for Respondent,
William McGough

CHIEF JUSTICE ARMSTEAD delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1. "A circuit court may not grant a defendant's pretrial motion to dismiss an indictment on the basis of the sufficiency of the evidence or whether a factual basis for the indictment exists." Syl. Pt. 3, *State ex rel. State v. Gwaltney*, 249 W. Va. 706, 901 S.E.2d 70 (2024).

2. "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

3. "The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State

claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented." Syl. Pt. 5, *State v. Lewis*, 188 W. Va. 85, 422 S.E.2d 807 (1992), *superseded on other grounds by statute as recognized in State v. Butler*, 239 W. Va. 168, 179 n.27, 799 S.E.2d 718, 729 n.27 (2017).

ARMSTEAD, Chief Justice:

Petitioner, the State of West Virginia ("the State"), invokes this Court's original jurisdiction seeking a writ of prohibition to prevent the Circuit Court of Monongalia County from enforcing its order dismissing a two-count indictment against Respondent William J. McGough ("Respondent McGough").[1] The indictment charged Respondent McGough with two counts of failing to register as a sex offender, second or subsequent offense, in violation of West Virginia Code § 15-12-8 (2006). The circuit court granted Respondent McGough's pretrial motion to dismiss the indictment, concluding that "the facts of the current case" did not support a finding that Respondent McGough was required to register as a sex offender in West Virginia. This Court has held that "[a] circuit court may not grant a defendant's pretrial motion to dismiss an indictment on the basis of the sufficiency of the evidence or whether a factual basis for the indictment exists." Syl. Pt. 3, *State ex rel. State v. Gwaltney*, 249 W. Va. 706, 901 S.E.2d 70 (2024). Applying this holding to the instant case, we find that the circuit court exceeded its legitimate powers and invaded the province of the grand jury by dismissing the indictment. Therefore, we grant the writ.

## I. FACTUAL AND PROCEDURAL BACKGROUND

---

[1] The Honorable Susan B. Tucker, former Judge of the Circuit Court of the Seventeenth Judicial Circuit, issued the order that is the subject of the petition for a writ of prohibition. Judge Tucker subsequently retired and the Honorable Paul W. Gwaltney, Jr. was appointed to serve the unexpired portion of Judge Tucker's term.

1

In May 2022, a grand jury returned an indictment against Respondent McGough charging him with two counts of a second or subsequent failure to register or provide notice of registration changes, in violation of West Virginia Code § 15-12-8(c).[2] According to the indictment, Respondent McGough (1) moved to West Virginia on May 7, 2021; (2) was "required by law to register for life as a sex offender;" (3) "unlawfully, feloniously and knowingly" failed to register as a sex offender; and (4) had previously been convicted of "felony Failure to Register or Provide Notice of Registration Change on or about May 13, 2015, in the . . . District Court of Maryland for Frederick County."

Respondent McGough moved to dismiss the indictment. He claimed that he was no longer required to register as a sex offender "in Ohio, the original jurisdiction which

---

[2] West Virginia Code § 15-12-8(c) provides:

> (c) Any person required to register for life pursuant to this article who knowingly provides materially false information or who refuses to provide accurate information when so required by the terms of this article, or who knowingly fails to register or knowingly fails to provide a change in any required information as required by this article, is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for not less than one year nor more than five years. Any person convicted of a second or subsequent offense under this subsection is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for not less than ten nor more than twenty-five years.

resulted in his need to register[.]"[3]  Respondent McGough stated that upon moving to West Virginia, he "checked the appropriate corresponding statute, and understood it to read as him not being required to register in West Virginia, as the State where his charge originated, Ohio, had since lifted this requirement."  According to Respondent McGough, the "appropriate corresponding statute" is West Virginia Code § 15-12-9(c), which is contained in the Sex Offender Registration Act, West Virginia Code §§ 15-12-1 to -10.  West Virginia Code § 15-12-9(c) provides: "Any person changing residence to this state from another state or federal or military jurisdiction who is required to register as a sex offender under the laws of that state or federal or military jurisdiction shall register as a sex offender in this state."  Respondent McGough argued that this statute is ambiguous, that the rule of lenity therefore applies, and that the statute must be construed against "the State

---

[3] The circuit court's order granting Respondent McGough's motion to dismiss described his Ohio convictions as follows:

> [Respondent McGough] was convicted on March 28, 2008, in the State of Ohio, on four felony counts of sexual misconduct involving a minor. [Respondent McGough] was required to register as a sex offender in Ohio for twenty-five years. Subsequently, the Attorney General of the State of Ohio modified [Respondent McGough's] registration requirement to a term of ten years.

We note that the indictment alleged that Respondent McGough had been convicted of failing to register as a sex offender in Maryland in 2015.  Respondent McGough's motion to dismiss did not address his 2015 Maryland conviction.

3

. . . and in [his] favor," resulting in a finding that because he was no longer required to register as a sex offender in Ohio, he was not required to register in West Virginia.[4]

The State opposed the motion to dismiss, arguing that West Virginia Code § 15-12-2(b), which is also contained in the Sex Offender Registration Act, applied to the instant case.[5]  According to the State,

---

[4] This Court has held that "[i]n construing an ambiguous criminal statute, the rule of lenity applies which requires that penal statutes must be strictly construed against the State and in favor of the defendant." Syl. Pt. 5, *State ex rel. Morgan v. Trent*, 195 W. Va. 257, 465 S.E.2d 257 (1995).  Respondent McGough's motion to dismiss did not identify the language in West Virginia Code § 15-12-9(c) that allegedly created ambiguity.

[5] West Virginia Code § 15-12-2(b) provides:

> Any person who has been convicted of an offense or an attempted offense or has been found not guilty by reason of mental illness, mental retardation, or addiction of an offense under any of the following provisions of this code or under a statutory provision of another state, the United States Code or the Uniform Code of Military Justice which requires proof of the same essential elements shall register as set forth in § 15-12-2(d) of this code and according to the internal management rules promulgated by the superintendent under authority of § 15-2-25 of this code:
> (1) § 61-8A-1 et seq. of this code;
> (2) § 61-8B-1 et seq. of this code, including the provisions of former § 61-8B-6 of this code, relating to the offense of sexual assault of a spouse, which was repealed by an act of the Legislature during the 2000 legislative session;
> (3) § 61-8C-1 et seq. of this code;
> (4) § 61-8D-5 and § 61-8D-6 of this code;
> (5) § 61-2-14(a) of this code;
> (6) § 61-8-6, § 61-8-7, § 61-8-12, and § 61-8-13 of this code;

(continued . . .)

4

the Legislature [in West Virginia Code § 15-12-2(b)] set out a uniform registration scheme for eight specific categories of West Virginia crimes as well as their functional equivalents under other state or federal laws. If someone is convicted of one of the enumerated crimes or a crime in a different jurisdiction that has the "same essential elements," then [the statute's] procedural and timing requirements for registration apply.

The State argued that because Respondent McGough was residing in West Virginia and had been convicted of one of the qualifying offenses contained in West Virginia Code § 15-12-2(b), he was required to register as a sex offender for life in West Virginia. Finally, the State asserted that the rule of lenity did not apply because the statute Respondent McGough's argument relied upon, West Virginia Code § 15-12-9(c), is not ambiguous.

The circuit court granted Respondent McGough's motion to dismiss by order entered on March 24, 2023. It agreed with Respondent McGough's argument that West Virginia Code § 15-12-9(c) was the only relevant statute under the facts of this case and determined that under this statute

> [t]he registration of out-of-state sex offenders is applicable to any person presently required to register as a sex offender in any other state. Applying this statutory interpretation **to the facts of the current case**, it is clear [Respondent McGough]

---

> (7) § 61-3C-14b of this code, as it relates to violations of those provisions of chapter 61 listed in this subsection; or
> (8) § 61-14-2, § 61-14-5, and § 61-14-6 of this code: Provided, That as to § 61-14-2 of this code only those violations involving human trafficking for purposes of sexual servitude require registration pursuant to this subdivision.

5

discharged his duty to register as a sex offender in Ohio prior to moving to West Virginia.

Therefore, it is hereby ORDERED that the Indictment as charged in [Respondent McGough's] criminal case . . . is hereby DISMISSED.

(Emphasis added).

Following entry of this order, the State filed a petition for a writ of prohibition, requesting that this Court grant the writ to prevent the circuit court from enforcing its dismissal order.

## II. STANDARD OF REVIEW

This Court has set forth the following standard for issuance of a writ of prohibition when it is alleged that a lower court is exceeding its authority:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

6

In this case, the State seeks a writ of prohibition to prevent the circuit court from enforcing its order dismissing the indictment against Respondent McGough. We have held that the State may seek a writ of prohibition under limited circumstances in criminal cases:

> The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented.

Syl. Pt. 5, *State v. Lewis*, 188 W. Va. 85, 422 S.E.2d 807 (1992), *superseded on other grounds by statute as recognized in State v. Butler*, 239 W. Va. 168, 179 n.27, 799 S.E.2d 718, 729 n.27 (2017).

### III. ANALYSIS

The State's main argument is that the circuit court erred by concluding that West Virginia Code § 15-12-9(c) is the only relevant statute under the facts of this case and that pursuant to this statute, Respondent McGough was not required to register as a sex offender in West Virginia.[6] However, the threshold, and indeed dispositive, issue before

---

[6] The State's argument highlights the following language in West Virginia Code § 15-12-2(b): "[A]ny person who has been convicted of an offense . . . *under a statutory provision of another state* . . . which requires proof of the same essential elements shall

(continued . . .)

7

us is whether the circuit court had the authority to dismiss the indictment based on its conclusion that the "facts of the current case" were insufficient to sustain the charges against Respondent McGough. As explained below, we find that the circuit court exceeded its legitimate powers by dismissing the indictment. Our discussion begins with a review of a circuit court's role when reviewing an indictment. We then examine the *Hoover* factors and explain our conclusion to grant the writ.

---

register" in West Virginia. *Id.* (Emphasis added). The State argues that West Virginia Code § 15-12-2(b) does not restrict those who must register in West Virginia only to persons who are currently required to register in the state in which they were convicted. Instead, it provides that any person who has been convicted of a qualifying offense in another state shall register in West Virginia if their offense falls within the eight categories of offenses contained in the statute. Respondent McGough conceded that his Ohio qualifying offense falls within the eight categories of offenses contained in West Virginia Code § 15-12-2(b). Thus, pursuant to the statute's plain language, the State asserts that Respondent McGough was required to register as a sex offender in West Virginia and that the circuit court erred by granting the motion to dismiss the indictment. Because we find the circuit court exceeded its authority by dismissing the indictment, we decline to address the State's argument on this issue. However, we note that the circuit court reached its conclusion by applying a novel interpretation of West Virginia Code § 15-12-9(c) that was unsupported by any caselaw from this Court. Further, in concluding that West Virginia Code § 15-12-9(c) was the only relevant statute applicable to this case, the circuit court did not explain why that statute and the statute relied upon by the State, West Virginia Code § 15-12-2(b), could not be applied together. Both of these statutes are contained in the Sex Offender Registration Act, West Virginia Code §§ 15-12-1 to -10. *See* Syl. Pt. 1, *State ex rel. Holbert v. Robinson*, 134 W. Va. 524, 59 S.E.2d 884 (1950) ("A statute is enacted as a whole with a general purpose and intent, and each part should be considered in connection with every other part to produce a harmonious whole. Words and clauses should be given a meaning which harmonizes with the subject matter and the general purpose of the statute. The general intention is the key to the whole and the interpretation of the whole controls the interpretation of its parts.").

A circuit court's limited role when reviewing an indictment is well-established. "'Generally speaking, the finding by the grand jury that the evidence is sufficient is not subject to judicial review.' Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure* Grand Jury and Indictments I-651 (2d ed. 1993)." *State v. Adams*, 193 W. Va. 277, 284, 456 S.E.2d 4, 11 (1995). A court may review an indictment "only for constitutional error[7] and prosecutorial misconduct." *Id.* at 284, 456 S.E.2d at 11. Thus, this Court has held that "[e]xcept for willful, intentional fraud[,] the law of this State does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its legality or its sufficiency." Syl., *Barker v. Fox*, 160 W. Va. 749, 238 S.E.2d 235 (1977). This Court thoroughly addressed the role of the grand jury and a circuit court's limited role when reviewing an indictment in *State ex rel. State v. Gwaltney*, 249 W. Va. 706, 901 S.E.2d 70. In *Gwaltney*, the Court noted that

> the grand jury behaves as "a sword" that investigates cases to bring accused individuals to trial on "just grounds" and as "a shield" to protect people against baseless prosecutions. *State ex rel. Miller v. Smith*, 168 W. Va. 745, 751, 285 S.E.2d 500, 504 (1981). Ultimately, the grand jury decides whether probable cause exists to charge a person with committing a crime, not whether the evidence proves beyond a reasonable doubt that a defendant must be convicted of that crime; the grand jury's role "is not to determine the truth of the charges

---

[7] *See* Syl. Pt. 6, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999) ("An indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W. Va. R.Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy.").

against the defendant, but to determine whether there is sufficient probable cause to require the defendant to stand trial." *State ex rel. Pinson v. Maynard*, 181 W. Va. 662, 665, 383 S.E.2d 844, 847 (1989).

*Id.* at 713, 901 S.E.2d at 77.

Additionally, the Court in *Gwaltney* explained that "[c]ircuit courts have no authority to examine an indictment to determine whether sufficient evidence exists to support it, much less whether evidence exists to support a *guilty verdict*, at the pretrial motions stage." *Id.* at 715, 901 S.E.2d at 79 (Emphasis in original). Based on the foregoing, the Court in *Gwaltney* held that "[a] circuit court may not grant a defendant's pretrial motion to dismiss an indictment on the basis of the sufficiency of the evidence or whether a factual basis for the indictment exists." *Id.* at Syl. Pt. 3.

In the instant case, the circuit court did not dismiss the indictment based on prosecutorial misconduct or constitutional sufficiency, and Respondent McGough did not raise either of those issues. Instead, the circuit court's ruling was based on its conclusion that a factual basis for the indictment did not exist. That is, the circuit court found that because Respondent McGough was no longer required to register as a sex offender in Ohio, he was not required to register as a sex offender in West Virginia pursuant to the circuit court's interpretation of West Virginia Code § 15-12-9(c). This ruling clearly violated our prior caselaw, including syllabus point three of *Gwaltney*, and impermissibly invaded the grand jury's province. The grand jury found probable cause for Respondent McGough to stand trial on two counts of a second or subsequent failure to register or provide notice of registration changes, in violation of West Virginia Code § 15-12-8(c). The circuit court

10

erroneously second guessed this finding based on its conclusion that the facts of this case did not support the two counts contained in the indictment.

In sum, the circuit court lacked the authority to dismiss based on its conclusion that the indictment lacked a sufficient factual basis. We therefore find that the dismissal exceeded the court's legitimate powers.

Applying this ruling to the factors set forth in *Hoover*, we find that the State is entitled to relief in prohibition. *See* Syl. Pt. 4, *Hoover*, 199 W. Va. 12, 483 S.E.2d 12. Our examination focuses mainly on the first three *Hoover* factors.[8] Having concluded that the circuit court exceeded its legitimate powers by dismissing the indictment on impermissible grounds, it is clear that the third *Hoover* factor, "whether the lower tribunal's order is clearly erroneous as a matter of law," has been satisfied. *Id.* This factor is entitled to "substantial weight." *Id.* Next, we find that the State easily satisfies the first two *Hoover* factors because it has "no other adequate means, such as direct appeal, to obtain the desired relief," and it will be "damaged in a way that is not correctable on appeal." *Id.*[9] Therefore,

---

[8] While mainly focusing on the first three *Hoover* factors, we note that our previous *Gwaltney* case, decided last term, concerned a circuit court exceeding its legitimate powers by granting a defendant's pretrial motion to dismiss. 249 W. Va. 706, 901 S.E.2d 70. Thus, we find that the fourth *Hoover* factor, "whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law," also weighs in the State's favor.

[9] The State has only limited rights to appeal in criminal cases under circumstances that are not present in the instant case. *See* Syl. Pt. 1, *State v. Jones*, 178 W. Va. 627, 363 S.E.2d 513 (1987).

11

we conclude that the *Hoover* factors weigh in the State's favor and that the State is entitled to relief in prohibition.

## IV. CONCLUSION

The petition for a writ of prohibition is granted.

Writ Granted.