**FILED**

**June 13, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

The State of West Virginia ex rel.
The State of West Virginia,
Petitioner

vs.)  No. 23-97

The Honorable Ronald E. Wilson,
Judge of the Circuit Court of Brooke
County, and Terry Alan Mason,
Respondents

## MEMORANDUM DECISION

Petitioner State of West Virginia petitions this Court to invoke its original jurisdiction pursuant to Rule 16 of the Rules of Appellate Procedure. The State requests a writ of prohibition against Respondent Ronald E. Wilson, Judge of the Circuit Court of Brooke County, seeking to prohibit enforcement of the circuit court's January 6, 2023, order, which dismissed the criminal information charging Respondent Terry Alan Mason with failure to properly register as a sex offender in violation of West Virginia Code § 15-12-8.[1] Upon our review, finding no new or substantial question of law, we determine that oral argument is unnecessary and that a memorandum decision granting the writ of prohibition is appropriate. *See* W. Va. R. App. P. 21.

In 1994, Respondent Mason was charged by information with sexual abuse by a parent, guardian, or custodian in violation of West Virginia Code § 61-8D-5. The information alleged that the victim was a thirteen-year-old girl. Respondent Mason entered a guilty plea to the charge. In exchange for his plea, the circuit court suspended his sentence and placed him on probation. Pursuant to the Sex Offender Registration Act, West Virginia Code §§ 61-8F-1 to -10, Respondent Mason was required to register as a sex offender for a period of ten years following his conviction.

In 1999, the Legislature repealed West Virginia Code §§ 61-8F-1 to -10, and enacted the present-day Sex Offender Registration Act, West Virginia Code §§ 15-12-1 to -10. Under West Virginia Code § 15-12-4, an individual required to register as a sex offender is required to register for life "if that person: . . . has been convicted . . . of a qualifying offense as referred to in this

---

[1] The State appears by counsel Attorney General Patrick Morrisey and Deputy Attorney General Karen Villaneuva-Matkovich. Respondent Terry Alan Mason appears by counsel Scott C. Brown.

1

article, involving a minor or a person believed or perceived by the registrant to be a minor." West Virginia Code § 15-12-2(e)(1) provides that a "qualifying offense" is one of the enumerated crimes listed in West Virginia Code § 15-12-2(b). One such crime is sexual abuse by a parent, guardian, or custodian as set forth in West Virginia Code § 61-8D-5. *See* W. Va. Code § 15-12-2(b)(4).

In *Haislop v. Edgell*, 215 W. Va. 88, 593 S.E.2d 839 (2003), we discussed the application of West Virginia Code § 15-12-4 to individuals convicted before the addition of the life registration requirement. We observed that the "the civil, nonpunitive nature of the [Sex Offender Registration] Act has been well established," and we determined that "changes made to the statute that require life registration . . . do not amount to an additional punishment that would violate the *ex post facto* clause" of the West Virginia Constitution. *Haislop*, 215 W. Va. at 95, 593 S.E.2d at 846. Accordingly, we held, "The application of W. Va. Code § 15-12-4 (2000), which requires life registration for certain sexual offenders, . . . to individuals who were convicted before the Legislature added these requirements to the Sex Offender Registration Act does not violate the *ex post facto* clause of the West Virginia Constitution." *Id.* at 89-90, 593 S.E.2d at 840-41, Syl. Pt. 5, in part.

Following his conviction, Respondent Mason registered as a sex offender through 2022. In 2022, Respondent Mason was charged by criminal information with failing to provide notice of registration changes in violation of West Virginia Code § 15-12-8. The State and Respondent Mason entered into a plea agreement whereby Respondent Mason would enter a plea of guilty to the charge in the information if the circuit court would suspend his sentence and impose two years of probation. Following a hearing on the plea agreement on December 16, 2022, the circuit court entered an order on January 6, 2023, refusing to accept the plea agreement and dismissing the information, finding, "as a result of the underlying conviction, [Respondent Mason] was only required to register as a sex offender for a period of ten years and that period of time had since passed." The State filed a motion asking the circuit court to reconsider the dismissal of the information, arguing that, under the applicable law, respondent was required to register as a sex offender for life, not ten years. By order entered on January 3, 2023, the court denied the motion, concluding:

> The State has presented this [c]ourt with no new information that would change the [c]ourt's decision. The [c]ourt has reviewed the case file and finds that [respondent] was only required to register as a sexual offender for a ten (10) year period, and that time has since passed. The State's legal argument, based upon a change in the Registration Statute, is without merit based upon the facts in this case.[2]

---

[2] Although a transcript of the December 16, 2022, hearing was not made part of the appendix record, it appears that the circuit court advised the parties of its ruling from the bench, prompting the State to file the motion to reconsider the dismissal of the information. The appendix record is clear that the motion was filed before the circuit court had entered the order refusing to accept the plea agreement and dismissing the information. The circuit court's order denying the motion was entered three days before the order refusing to accept the plea agreement and dismissing the information.

On February 22, 2023, the State filed the instant petition for a writ of prohibition seeking to prohibit enforcement of the circuit court's January 6, 2023, order. The State contends that the circuit court exceeded its legitimate powers by dismissing the information.

We have held that "[p]rohibition lies only to restrain inferior courts from proceedings in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers, and may not be used as a substitute for [a petition for appeal] or certiorari." Syl. Pt. 3, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996) (quoting Syl. Pt. 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953)).

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

*Id.* at 14-15, 483 S.E.2d at 14-15, Syl. Pt. 4. Where the State seeks relief in a criminal case by writ of prohibition alleging that the circuit court has abused its legitimate powers,

> the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented.

Syl. Pt. 1, in part, *State ex rel. Games-Neely v. Yoder*, 237 W. Va. 301, 787 S.E.2d 572 (2016) (quoting Syl. Pt. 5, *State v. Lewis*, 188 W.Va. 85, 422 S.E.2d 807 (1992), *superseded by statute on other grounds as stated in State v. Butler*, 239 W. Va. 168, 179 n.27, 799 S.E.2d 718, 729 n.27 (2017)). We have further held, "[T]his Court will use prohibition . . . to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate . . . ." Syl. Pt. 1, in part, *Hinkle v. Black*, 164 W. Va. 112, 262 S.E.2d 744 (1979), *superseded by statute on other grounds as stated in State ex rel. Thornhill Grp., Inc. v. King*, 233 W. Va. 564, 759 S.E.2d 795 (2014).

The State contends that the first three *Hoover* factors are satisfied. Respondent Mason does not dispute this, asserting that he "has no legally nonfrivolous argument to raise in objection to the relief sought by the State."

First, the State argues, and we agree, that it does not have any other adequate means of relief, such as a direct appeal, to obtain reinstatement of the information. While the State may appeal the dismissal of "an indictment [that] is held to be 'bad or insufficient' by the order of a circuit court," *State v. Walters*, 186 W. Va. 169, 171, 411 S.E.2d 688, 690 (1991), the circuit court made no findings that would suggest the information was "bad or insufficient." *See* Syl. Pt. 1, *State v. Zain*, 207 W. Va. 54, 528 S.E.2d 748 (1999) ("An indictment is considered bad or insufficient pursuant to West Virginia Code § 58-5-30 (1998) (Supp.1999) when within the four corners of the indictment it: (1) fails to contain the elements of the offense to be charged and sufficiently apprise the defendant of what he or she must be prepared to meet; and (2) fails to contain sufficient accurate information to permit a plea of former acquittal or conviction."). Thus, we find that the first *Hoover* factor is met.

Second, the State argues that, without the requested relief, it will be damaged or prejudiced in a way that is not correctable on appeal, having been deprived of a valid conviction. Indeed, Respondent Mason had agreed to enter a guilty plea to the charge in the information. In that an appeal is unavailable in this instance, as discussed above, and that Respondent Mason intended to plead guilty to the charge in the information, we agree with the State's contention that the second *Hoover* factor is met.

Third, the State avers that the circuit court's dismissal of the information was clearly erroneous as a matter of law. The State asserts that under West Virginia Code § 15-12-4, respondent is required to register as a sex offender for life because his qualifying offense— violation of West Virginia Code § 61-8D-5—involved a minor. We agree. In finding otherwise, the circuit court committed clear legal error that is plainly in contravention of the Sex Offender Registration Act.

Although we do not find that the final two *Hoover* factors are satisfied in this instance, the satisfaction of the first three, with substantial weight given to the third factor, supports granting the requested relief. Further, we determine that the circuit court's action was so flagrant that the State was deprived of its right to prosecute the case. Finally, under the specific facts of this case, we find that a writ of prohibition would not offend either the Double Jeopardy Clause or Respondent Mason's right to a speedy trial, and we find that the petition was promptly presented to this Court for consideration. Accordingly, we determine that the State is entitled to the relief it seeks.

For the foregoing reasons, the Circuit Court of Brooke County is prohibited from enforcing its January 6, 2023, order.

Writ granted.

**ISSUED:** June 13, 2023

4

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

**DISSENTING:**

Justice John A. Hutchison
Justice William R. Wooton


Hutchison, Justice and Wooton, Justice, dissenting:

We dissent to the majority's resolution of this case. We would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, we believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, we respectfully dissent.